Louis A. HALL, Deceased, et al.,
Respondents,

v.

DENVER–CHICAGO INTERNATIONAL, INC., et al. and Liberty Mutual Insurance Company, Appellants.

No. 25672.

Missouri Court of Appeals,
Kansas City District.

June 5, 1972.

A Warren Francis, Lloyd A. Hamrick, Roger J. Staab, Kansas City, for appellants.

Robert. E. Stewart, Kansas City, for respondents.

TIMOTHY D. O'LEARY, Special Judge.

Plaintiff-Claimant, Louis A. Hall, died from an unrelated accident after filing his claim for Workmen's Compensation and his widow and children were substituted as parties-claimant prior to the hearing before the Referee.

The Referee, after hearing the evidence, denied compensation on the basis that the claimant was employed in California and injured in New Jersey and therefore Missouri had no jurisdiction. The Industrial Commission affirmed the Referee's award and made a Final Award denying compensation. Claimant appealed and the circuit court reversed the Industrial Commission on the basis that there was not substantial competent evidence in the record to warrant the denial of compensation because of lack of jurisdiction and remanded the case to the Industrial Commission for further proceedings.

On appeal defendant-employer and insurer contend that the circuit court erred in reversing the Industrial Commission for the reason that the Commission's findings

were supported by substantial and competent evidence and are not contrary to the overwhelming weight of the evidence.

We set out the evidence necessary for a consideration of the issue presented.

Louis Hall was injured in New Jersey on January 19, 1968, as a result of a fall while working for the Appellant-Employer, Denver-Chicago International, Inc., (hereinafter referred to as Employer). At the hearing before the Referee the Employer admitted that claimant was an employee, that they had notice of the injury, that the claim was timely filed, and that plaintiff sustained an injury, but based its defense on the sole issue that Missouri had no jurisdiction of the case because plaintiff contracted for employment in California and was injured in New Jersey.

At the hearing plaintiff offered the deposition testimony of Mr. Carlson, a co-employee, who testified that he was presently employed and had been for 12 years as an over-the-road truck driver, which is the same capacity in which the claimant was employed.

Mr. Carlson testified that the Employer is a national truck line with three terminals in the United States which are located in Chicago, Kansas City and Los Angeles. He stated that when an employee is originally hired at one of the three terminals he must fill out an application for employment and that when an employee is transferred to another terminal he does not fill out any additional employment application. Mr. Carlson stated that transfers from one terminal to another are a common occurrence with this employer and other employers in this particular business; that an employee never knows when he is going to be transferred from one terminal to another, and if the employee refuses to accept the transfer then he loses his job.

He indicated that the normal and customary practice for this employer, as well as other employers in this business, in transferring employees from one terminal to another is for the employer to put a notice up on the bulletin board advising of available transfers to a particular terminal. If the employee decides to accept a transfer the only procedure involved is for the employee to register or "sign in" when he gets to the new terminal. For example, if an employee is transferred from Los Angeles to Kansas City he registers when he gets to the Kansas City terminal in the same manner as he does when he brings in a load. From that time on the employee receives his assignments at that particular terminal and uses it as his base of operations.

Mr. Carlson further advised that when an employee accepts a transfer from one terminal to another the employer pays a stipulated sum for mileage involved in the transfer as well as a stipulated sum for the wife and each child. The allowance and mileage is to be paid at the new terminal when the employee arrives there.

Claimant's wife testified that her deceased husband was employed by this employer in California sometime prior to the year 1963 as an over-the-road truck driver and was still working for them when he was transferred from California to the Kansas City terminal in 1966. The family then moved to the Kansas City area to live. After this accident in August of 1968 claimant was transferred back to the Los Angeles terminal. Mrs. Hall advised that when the family moved from Los Angeles to Kansas City her husband changed his membership from the union local in California to the union Local 41 in Kansas City.

The only other evidence offered by the claimant was the introduction of a Teamster's Union Contract that was executed effective April 1, 1967, while claimant was a member of Local 41 in Kansas City, Missouri, and a resident of Kansas City.

The employer offered evidence which tended to prove that when an employee is transferred he retains his seniority with the company and that he does not fill out a

new application for employment or take a new pre-employment physical examination when transferred from one terminal to the other.

It having been admitted that the accident and injury in question occurred outside the State of Missouri and that plaintiff was employed in the State of California the only issue before the Industrial Commission was whether a new contract of employment was entered into in Missouri when the employee transferred from California to Missouri.

In ruling this question the Industrial Commission found:

"It is our finding, however, that all factors point to the ultimate conclusion that the parties involved here, must have intended to contract in California for performance in California as well as elsewhere in the United States where employee's duties required his presence, including Missouri. The fact remains, however, that the 'contract of employment' was made and entered into in California, not Missouri. The fact that employee was required to establish residency elsewhere in order to best carry out his duties is a factor to be considered, but it is not, in itself, controlling upon the issue before us. Further, a reading of the collective bargaining agreement of April 1, 1967, will disclose that the agreement contemplated not only the employee, but all employees of Denver-Chicago similarly situated and engaged, no matter where they were hired or were located on the effective date of the agreement. The agreement in no way had the effect of retroactively determining the situs of an original contract of employment nor does it establish a new contract of employment at the location where the particular employee concerned happens to be residing on the effective date of the agreement. "The injuries in question having been received outside of this state and the employee's dependents having failed to sus-

tain the burden of showing that it was under contract of employment made in this state, the Missouri Workmen's Compensation Act does not apply."

The determination of the question of Missouri's jurisdiction is governed by V. A.M.S. 287.110, Section (2), which reads:

"This chapter shall apply to all injuries received in this state, regardless of where the contract of employment was made and also to all injuries received outside of this state under contract of employment made in this state, unless the contract of employment in any case shall otherwise provide."

██ In passing on the sufficiency of the evidence it must be kept in mind that this court views the record in the light most favorable to the finding and disregards any evidence which might support a different finding than the one the Commission made. McCue v. Studebaker Automotive Sales, Inc., Mo.App., 389 S.W.2d 408; Rendleman v. East Texas Motor Freight Lines, 355 Mo. 287, 196 S.W.2d 171; Adams v. Continental Life Insurance Company, 340 Mo. 417, 101 S.W.2d 75. In this connection we further observe that the question of where the contract of employment or arrangement was made is one of fact (Kelsall v. Riss & Company, Mo.App., 165 S.W.2d 329) and the burden of sustaining that fact, both as to proof and persuasion is upon the claimant. 165 S.W.2d at 333; Smith v. Braudis, 234 Mo.App. 1237, 123 S.W.2d 223.

"The general test of where, as a fact, the relationship * * * of employee and employer was created or entered into is a problem of the intention of the parties * * * as evidenced by their acts and conduct, the nature of the business, the situation of the parties and all the facts and circumstances." Rendleman v. East Texas Motor Freight Lines, supra, 196 S.W.2d at 174.

In his brief the claimant concedes these principles of law but states that there was

a new contract of employment entered into by and between the employee and employer on April 1, 1967, when the employer, as a member of a signatory association, and the employee as a member of Local 41 of Kansas City, entered into a new Collective Bargaining Agreement. In considering this contention the Industrial Commission stated:

"* * * We find that the agreement effective April 1, 1967 by and between the employers bargaining agent and the Union of which the employee was a member, constituted not a new contract of employment as contemplated by Section 287.110, but merely an agreement as to new terms and conditions of the employee's original and continuing employment with Denver-Chicago. The employment itself was agreed upon and entered into in California and thereafter continued without interruption until employee's death, notwithstanding the fact that employee's duties and assignments necessarily required his activity elsewhere throughout the United States from time to time. Granted, terms and conditions of employment, once initiated, may from time to time change, but the primary contractual relationship between the employer and employee as master and servant remains fixed until it is clearly shown to the contrary."

We agree with the Commission's conclusion that the Collective Bargaining Agreement did not constitute a new contract of employment. Neither the claimant nor employer have cited any authorities in their briefs that rule this point. Our research reveals that the point is discussed in 48 Am.Jur., Labor and Labor Relations, Section 1205, p. 757, wherein the writer states:

"With rare exceptions, a collective bargaining agreement is not a contract of employment. Without pushing the analogy too far, a collective bargaining agreement may be likened to the tariffs established by a carrier, to standard provisions prescribed by supervising authorities for insurance policies, or to utility schedules of rates and rules for service, which do not of themselves establish any relationship but which do govern the terms of the shipper or insurer or customer relationship whenever and with whomever it may be established. Ordinarily, therefore, no one has a job by virtue of a collective bargaining agreement, and the collective bargaining agreement's specified duration is not necessarily the employee's term of service."

In other words, the fact that an employee transfers to a different local of a union and that local thereafter becomes a signatory along with other "Locals" and the national organization to a national collective bargaining agreement, does not, as a matter of law, constitute a new employment contract. It may be a factor or circumstance to be weighed by the trier of facts along with other evidence to determine the intention of the parties, as was done by the Commission in this case, but it is in no event conclusive.

Claimant directs our attention to one other proposition to support his contention that the Industrial Commission's Award was not based on sufficient competent evidence and was contrary to the overwhelming weight of the evidence. He asserts that the employer made a binding judicial admission of jurisdiction as a result of filing a "Report of Injury" (as is required by V.A.M.S. 287.380 as amended 1965) wherein the employer answered "yes" to the question on the form "Is the injury under the law." In considering this point we note that on the back of the "Report of Injury" form the phrase "under the law" is defined as "if it [an accident] arises out of and in the course of employment and at the time both employer and employee had expressly or impliedly accepted the law."

Digressing for the moment on the question of whether this constitutes a binding

judicial admission or simply an evidential admission, the underlying question is what evidential matters could be considered as admitted? The facts admitted would be that the injury arose out of and in the course and scope of the employment and that the employer and employee had accepted the law. These particular issues were undisputed. In addition to these factual issues the claimant must prove the Commission had jurisdiction over the subject matter, which in this case means that it was incumbent on claimant to prove that his contract of employment was made in Missouri. As we have demonstrated, the alleged admissions do not meet this particular issue.

▇ Even if we were to ignore the definition of "under the law" contained in the report of injury, and give these words the fullest and broadest meaning possible, and thereby conclude that "under the law" means that the Commission had jurisdiction of the subject matter, the claimant's contention must fail for the reason that the parties cannot by consent, agreement, admission or otherwise, confer jurisdiction on the Commission if it does not in fact exist.

This point is discussed in 100 C.J.S. Workmen's Compensation § 425(f) wherein the writer states:

"Except so far as consent of the parties is necessary in order to come within the compensation act, as discussed supra §§ 120–129, [these sections cover acceptance or election of the employer and employee to come under the Act] and hence to confer jurisdiction on the board or commission to entertain the claim, where the board or commission otherwise lacks jurisdiction over the subject matter, jurisdiction cannot be conferred by agreement or consent. Likewise, the jurisdiction cannot be obtained by waiver, estoppel, judicial inclination, or conduct of the parties, or by stipulation that the employee was working under the act, where this is untrue * * * ."

▇ Aside from these considerations claimant's contention fails for yet another reason. If, arguendo, this admission were relevant to the issue litigated before the Commission, it would not constitute a binding judicial admission. Our courts have held that a report of injury by the employer is analogous to the offer in evidence of a pleading of a party and admissible in evidence in the same way as any other admission of like kind.[1] Further we have held that absent an amendment to the "Report of Injury" or a subsequent pleading denying the allegations admitted in the report, such an admission is a judicial admission binding on the employer. Schepp v. Mid City Trucking Company, Mo.App., 291 S.W.2d 633.

▇ This admission does not rise to the stature of a binding judicial admission for the reason that the employer in its Answer to the employee's Claim for Compensation denied Paragraph 1 thereof which contains the precise language of the definition of "under the law" in the "Report of Injury". In addition we note that at the pre-hearing conference before the Referee, which is in

1. See Lamkins v. Copper-Clad Malleable Range Corporation et al., Mo.App., 42 S.W.2d 941; Lumpkin v. Sheidley Realty Company, 227 Mo.App. 306, 53 S.W.2d 386; Becherer v. Curtiss-Wright Corporation, Mo.App., 194 S.W.2d 740; Goetz v. J. D. Carson Company, 357 Mo. 125, 206 S.W.2d 530; Schepp v. Mid City Trucking Co., supra; and Jacobs v. Bob Eldridge Construction Co., Mo.App., 393 S.W.2d 33. While it is not necessary in this opinion to analyze these cases and consider the soundness of the analogy of a "report of injury" to a pleading we do note that the Supreme Court of Nebraska, the state from which we adopted many of the provisions contained in our first act in Missouri effective in 1926, has considered their prior rulings in this respect and overruled them deciding that this rule is not based on a sound approach to a consideration of the probative value of evidence. Seymour v. Journal-Star Printing Company, 174 Neb. 150, 116 N.W.2d 297.

the nature of a pre-trial conference, the parties advised the Referee that the employer's defense was based on lack of jurisdiction of the subject matter.

 Since the cases have made the "Report of Injury" analogous to a "pleading" in allowing its admission into evidence, we must look to the cases on pleadings to determine the effect of an admission in a pleading which has been superseded. Pleadings superseded or abandoned are admissible in evidence if the pleading contains admissions or statements of fact against the interest of the party having filed the pleading. Carter v. Matthey Laundry & Dry Cleaning Company, Mo., 350 S.W.2d 786. However, abandoned allegations are not judicial admissions binding on the party, but can be weighed by the trier of fact in the same manner as any other admission made by a party. Such an admission is not conclusive but is to be considered along with the other facts and circumstances attending the case, but nothing more. Bledsoe v. Northside Supply & Development Co., Mo., 429 S.W.2d 727. For other cases see Missouri Digest, Evidence, .

It follows from what we have said that the conclusion reached by the Commission to the effect that the claimant has failed to prove that the alleged contract of employment was made in Missouri is a legitimate conclusion to be drawn from the known circumstances set out in the record before us.

Certainly we cannot rule as a matter of law that the Award is without sufficient evidentiary support and basis.

In this situation .the judgment of the Commission that compensation must be denied should have been affirmed by the Circuit Court. The judgment of the Circuit Court is therefore reversed and the cause remanded with directions to enter judgment affirming the Award of the Industrial Commission.

All concur.

PRITCHARD, SWOFFORD and WASSERSTROM, JJ., not participating because not members of the court when cause was submitted.