**Paul MOSLEY, Appellant,**

v.

**TEXAS CONTINENTAL EXPRESS, and
Home Insurance Company,
Respondents.**

**No. WD 35760.**

Missouri Court of Appeals,
Western District.

April 30, 1985.

Harry L. Porter, Marceline, for appellant.

Marvin L. Sharp, Trenton, for respondents.

Before LOWENSTEIN, P.J., and NUGENT and BERREY, JJ.

NUGENT, Judge.

Paul Mosley appeals from the circuit court's decision affirming the Labor and Industrial Commission's denial of his claim for worker's compensation. His claim was denied on the grounds that, since his injury occurred in Nebraska and his employment contract was made in Arkansas, Missouri does not have jurisdiction. We affirm.

Mr. Mosley was employed by Texas Continental Express as an over-the-road trucker. The company has since gone bankrupt and out of existence. On the morning of December 28, 1978, shortly after making a delivery in Omaha, Nebraska, Mr. Mosley was stopped by a state highway patrolman for driving erratically. He collapsed soon after being stopped. He was taken to a hospital where he was found to be suffering from a head injury, the exact cause of which was never determined.

Mr. Mosley did not file a worker's compensation claim in Missouri until January of 1980. On December 31, 1980, he testified in a deposition that he went to Fort Smith, Arkansas, for an interview with Texas Continental and that he was hired there on the day of his interview. Mr. Mosley did not sign his deposition until January of 1983. Before signing it, he

made several additions to his deposition about the circumstances of his employment by Texas Continental. Essentially, he changed his testimony to state that he was hired in Brookfield, Missouri, during a long distance telephone call.

The case was scheduled for an administrative hearing but was continued a number of times during 1981 and 1982. After granting a continuance in May of 1982, the administrative law judge noted that the claimant was having a problem establishing that his employment contract was made in Missouri. A final continuance was granted in December of 1982 when the judge was informed that Mr. Mosley's original counsel had withdrawn and that he had retained a new attorney who needed additional time to prepare the case.

The case was finally heard on March 28, 1983, by Winton Tracy, Jr., an administrative law judge. The testimony of the claimant was the only evidence introduced as to where his employment contract was concluded. He testified that he was hired over the phone in Brookfield, Missouri. His signed deposition with additions and changes was admitted into evidence.

The judge denied the claim on the ground of a lack of jurisdiction because he concluded that the employment contract was made in Arkansas.

In his findings of fact, the judge took notice of his records which showed that the case had been continued a number of times and that during all the pre-hearing conferences the attorneys openly discussed that Mr. Mosley was having difficulty establishing jurisdiction. Judge Tracy found that Mr. Mosley's testimony on his hiring was not credible for two reasons: first, the judge's assessment of the claimant's demeanor on the stand; second, the fact that claimant's memory of the events was better in 1980, the time of his original deposition, than it was three years later when the hearing was held. The judge noted that one of the claimant's chief complaints was his lack of memory. He concluded that Mr. Mosley's first version of the events, as given in his unchanged deposition testimo-

ny, is more credible. The judge found that the contract was made in Arkansas.

The Labor and Industrial Commission reviewed and affirmed the administrative law judge's decision, adopting the judge's findings of fact. The claimant appealed the commission's decision to the circuit court, which affirmed the final award of no compensation, finding that the decision was supported by substantial and competent evidence.

■ Claimant's single point is that the commission erred in affirming the administrative law judge's finding that the employment contract was made in Arkansas. The issue of where an employment contract is concluded is one of fact, the claimant having the burden of proof and persuasion on the question. *Hall v. Denver-Chicago International, Inc.*, 481 S.W.2d 622, 625 (Mo. App.1972). Our scope of review here is limited to deciding whether the commission's final award of no compensation is supported by substantial and competent evidence and, if so, whether the award is contrary to the overwhelming weight of the evidence. *Lewis v. City of Liberty*, 600 S.W.2d 677, 679 (Mo.App.1980).

The parties do not dispute that Mr. Mosley was injured in Nebraska. When an injury occurs outside the state, Missouri has jurisdiction over a worker's compensation claim if the contract of employment is made in the state, unless the contract provides otherwise. § 287.110(2). The only evidence of where the contract was made came from the mouth of the claimant.

■ Judge Tracy discredited Mr. Mosley's trial testimony that he was hired by phone in Brookfield, Missouri. A worker's compensation claim can be decided solely upon a finding of a lack of credibility of even unimpeached or uncontradicted testimony. *Ricks v. H.K. Porter, Inc.*, 439 S.W.2d 164, 167 (Mo.1969); *Simmons v. Wilson Freight Co.*, 549 S.W.2d 571, 572 (Mo.App.1977). The commission, not this court, passes upon the credibility of witnesses. *Ricks v. H.K. Porter, Inc., supra,* 439 S.W.2d at 167.

The administrative law judge chose to believe the uncorrected deposition testimony of Mr. Mosley that he was interviewed and hired in Arkansas and concluded that his contract was made in that state. *Johnson v. Great Lakes Pipe Line Co.*, 358 Mo. 445, 215 S.W.2d 460, 461–62 (1948); *Daggett v. Kansas City Structural Steel Co.*, 334 Mo. 207, 65 S.W.2d 1036, 1039–40 (1933).

Mr. Mosley changed and added to his original answers on this point. The record does not reveal when the additions were made, but the deposition was not signed until three years after it was taken. One of Mr. Mosley's chief complaints was an increasing loss of memory, and the judge chose to believe his original version partly based on the fact that it was given at a time closer to the time of the events and when the claimant's memory was fresher and better.

Rule 57.03(f) authorizes the deponent to make changes in his deposition before signing it. But the rule also provides that the answers as originally given shall be considered as part of the deposition. Thus, the judge was authorized to consider the original answers and the changes in making his decision. The additions to his answers contradict claimant's original responses, as shown by the following excerpt from the deposition. (The additions to the original answers are underscored.)

Q. Your application was filled out in Fort Smith?

A. Yes, sir. But it was not an application. It was forms required by Dept. of Transportation.

Q. Your interview was in Fort Smith?

A. Yes, sir.

Q. Did they hire you the same day of the interview?

A. Yes, sir. But I was orally interviewed in Brookfield, Missouri by Eugene Hall from Clarksville, Texas.

Q. Was that the same day as the application?

A. No, sir. I filled my application out at home, I'm sorry, and mailed it to them. They sent it to me and I filled it out and mailed it to them.

Q. After they got the application, did they ask you to come down for an interview?

A. Yes, sir. I called them several times. They told me to keep in touch with them, and I called them several times and they told me to come down, they had a truck open. They hired me on the phone—not after an interview.

Q. After the interview in Fort Smith is when you were hired?

A. Yes, sir.

Q. Were you hired the date of the interview?

A. The day I went to Fort Smith, Yes, sir. They put me on a truck and sent me to Euless, Texas, to pick a truck up. I was hired before going to Euless but they gave me my first truck there.

The judge could reasonably conclude that the original version is correct, especially in light of his finding that the witness was not credible in giving the corrected version at the hearing.

We must affirm the commission's decision at least on the ground that the claimant failed to carry his burden on the fact issue of jurisdiction. *Hall v. Denver-Chicago International, Inc., supra,* 481 S.W.2d at 625. The only evidence supporting Mr. Mosley's claim that the contract was made in Missouri was found not credible with the result that no competent evidence was adduced to support a finding of jurisdiction in Missouri. Judge Tracy, instead, believed the claimant's original version, which was substantial and competent evidence that the contract was concluded in Arkansas.

The claimant also argues that the commission and the circuit court erred in not applying a rule of liberal construction in determining jurisdiction. Even if we liberally view the facts of this case, we cannot avoid the fact that no competent evidence supports the claim that jurisdiction is in Missouri.

For the foregoing reasons, we affirm the commission's final award denying compensation.

All concur.