**Dan REDDEN, Respondent,**

v.

**DAN REDDEN COMPANY, Aetna Casualty & Surety Company, Appellants.**

No. 62784.

Missouri Court of Appeals, Eastern District, Division Seven.

Aug. 10, 1993.

Moser and Marsalek, P.C. by Kevin M. Leahy, St. Louis, for appellants.

Charles R. Oldham, St. Louis, for respondent.

KAROHL, Presiding Judge.

This is a workers' compensation case wherein employer appeals the Labor and Industrial Relations Commission's [Commission] finding that employee is permanently and totally disabled from injuries sustained in a truck accident in Indiana. Employer claims error on two grounds: the Commission did not have jurisdiction over the dispute and the evidence did not clearly establish a causal connection between the accident and claimant's mental disability. We affirm.

Dan Redden was employed by Dan Redden Company as an over-the-road truck driver. Claimant shared the same address as his employer, a Missouri corporation. He testified he leased his truck to other companies under the name of employer. At the time of the accident, July 29, 1987, he had delivered a load in Indiana and was on his way to Chicago to pick up another load. He was operating under a lease arrangement for Shamrock Transportation Company.

He had no recollection of the accident, which occurred in Valparaiso, Indiana. However, the evidence revealed he was thrown from the truck on impact and sustained multiple injuries and a cerebral concussion. He was admitted to a hospital in Valparaiso, where he remained for approximately one week.

When Redden filed his original workers' compensation claim, he named Shamrock Transportation Company as his employer. Shamrock denied the claim. An amended claim was filed naming the Dan Redden Company as the employer.

In his second claim for compensation, Redden alleged that while he was in the employment of Dan Redden Company he was injured in an accident in Indiana and that Aetna Casualty and Surety Company was the insurer. In their answer to the amended claim the employer and Aetna Casualty admitted that "on July 29, 1987, Dan Redden was an employee of the Dan Redden Company operating under and sub-

ject to the provisions of the Missouri Workers' Compensation Law." Employer denied each and every other allegation contained in the claim for compensation.

At the beginning of the hearing, the administrative law judge [ALJ] noted as follows:

It is admitted that on or about July 29, 1987, Dan Redden Company was an employer operating under the provisions of the Missouri Workers' Compensation law, and their liability under said law was fully insured by Aetna Casualty and Surety Company. It is admitted that on or about 7–29–87, Dan Redden was an employee of Dan Redden Company *and was working under the provisions of the Missouri Workers' Compensation law.* It is expressly denied that on or about July 29, 1987, Dan Redden sustained an injury by accident arising out of and in the course of his employment. (Our emphasis).

The ALJ then stated, "The issues in this case appear to be accident, nature and extent of permanent total disabilities or permanent partial disability and medical causation. Are there any other issues that you would care to add to this or anything else you would care to add to this record?" The attorney for insurer answered, "Nothing, your Honor."

The ALJ further stated, "Compensation has been paid in the amount of $43,194.60 for 162 and 6/7 weeks, covering the period 7–29–87 through 9–15–90. Medical aid has been furnished in the amount of $31,455.45."

After trial, the ALJ determined there was an accident on July 29, 1987, near Valparaiso, Indiana; that claimant was an employee of Dan Redden Company at the time of the accident; and that the accident arose out of and in the course of his employment. The ALJ further found there was medical causation between the accident and claimant's disability. The ALJ entered an award on May 30, 1991, finding claimant was permanently and totally disabled. Claimant was awarded the sum of two hundred sixty-five and 33/100 dollars ($265.33) per week beginning September 16, 1990, and in the future for life. The Labor and Industrial Relations Commission affirmed the award. Employer appeals the Commission's findings.

We review workers' compensation cases in the light most favorable to the award of the Commission and uphold the decision of the Commission if it is supported by competent and substantial evidence on the whole record. *Mashburn v. Tri–State Motor Transit Co.,* 841 S.W.2d 249, 250 (Mo.App.S.D.1992). We cannot substitute our judgment for that of the Commission. *Id.* We disregard any evidence that might support a finding different from that of the Commission, and that is true although a finding of the Commission to the contrary would be supported by the evidence. Furthermore, all doubt should be resolved in favor of the claimant and in favor of the coverage in a workers' compensation proceeding. *Tate v. Southwestern Bell Telephone Co.,* 715 S.W.2d 326, 328 (Mo.App.1986).

Employer's first point on appeal is the Commission did not have jurisdiction over the claim, because the accident out of which the alleged injury arose occurred in Indiana and claimant failed to prove that a contract for employment was made in Missouri. The general rule is that the issue of where an employment contract is concluded is one of fact, the claimant having the burden of proof and persuasion on the question. *Hall v. Denver–Chicago International, Inc.,* 481 S.W.2d 622, 625 (Mo.App.1972). In support of its position, employer relies on *Mosley v. Texas Continental Express,* 690 S.W.2d 482 (Mo.App.1985). Such reliance is misplaced. In *Mosley,* claimant was employed as an over-the-road trucker. While he was making a delivery in Nebraska, claimant suffered a head injury. He testified in a deposition that he had gone to Fort Smith, Arkansas, for an interview with employer and that he was hired there on the day of his interview. Claimant then filed a workers' compensation claim in Missouri. Claimant did not sign his deposition. Subsequently, he made several additions to his deposition about the circumstances of his employment. Essen-

tially, he changed his deposition before signing it to state that he was hired in Brookfield, Missouri, during a long distance telephone call. When the case was heard, the testimony of claimant was the only evidence introduced as to where his employment contract was concluded. Claimant testified that he was hired over the phone in Brookfield, Missouri. His signed deposition with additions and changes was admitted into evidence. In his findings of fact, the ALJ took notice of his records which showed that during all the pre-hearing conferences the attorneys openly discussed that claimant was having difficulty establishing jurisdiction. The ALJ then concluded that claimant's first version of the events, as given in his unchanged testimony, was more credible. Thus, the ALJ found on a disputed fact that the contract was made in Arkansas and denied the claim on the ground of a lack of jurisdiction.

The present case differs significantly from *Mosley.* Here, employer admitted in its answer that at the time of the accident, "Dan Redden was an employee of the Dan Redden Company, operating under and subject to the provisions of the Missouri Workers' Compensation Law." Furthermore, at the hearing, the ALJ reiterated employer's admission and delineated the issues to be tried. A disputed fact relating to jurisdiction was not an issue. Jurisdiction was not mentioned. When the ALJ asked whether there were other issues, counsel for the insurance carrier stated, "Nothing, your Honor." In fact, jurisdiction was never contested until this appeal. In contrast, jurisdiction was the issue in *Mosley* from the outset. *Mosley* is therefore not controlling.

Employer also directs us to *Shrabauer v. Schnieder Engraving Product, Inc.,* 224 Mo.App. 304, 25 S.W.2d 529 (1930). Employer's reliance on this case is likewise inappropriate. *Schrabauer* notes that the failure to raise an issue relating to jurisdiction does not operate as a waiver and that an employer is not precluded from asserting the point of error for the first time in the court of appeals. *Id.* at 534–35. In the present case, however, employer did not fail to raise the issue of jurisdiction. It specifically admitted the underlying facts conferring jurisdiction in its answer. *Schrabauer* is not controlling.

The general rule is that claimant has the burden of proof as to his right to compensation under the Missouri Workers' Compensation statute. *McKiness v. Western Union Telegraph Co.,* 775 S.W.2d 345, 347 (Mo.App.1989). An award of compensation rendered without jurisdiction may be impeached at any time in any proceeding. *Woodruff v. Tourville Quarry, Inc.,* 381 S.W.2d 14, 19 (Mo.App.1964). Moreover, an employee bears the burden of proving all essential elements of his claim. *Fischer v. Archdiocese of St. Louis,* 793 S.W.2d 195, 198 (Mo.App.1990). Jurisdiction over the claim is one of these elements. *See* § 287.110(2) RSMo 1986 and *Mosley,* 690 S.W.2d at 484. We hold that claimant met his burden by his testimony, by employer's admission that claimant was an employee operating under the provisions of the Missouri Workers' Compensation law at the time of the accident and by acknowledging there was no issue of fact that employee was hired in Missouri.

Employer also argues the Commission erred in awarding permanent and total benefits, because the evidence did not clearly establish a causal connection between the accident and claimant's mental condition. This claim does not contest an award of permanent disability for insufficiency of proof of extent of disability.

The medical records indicate admission to the hospital in Valparaiso, Indiana, on July 29, 1987, and discharge on August 6, 1987. Redden was subsequently re-hospitalized in St. Louis. For approximately three years thereafter, Redden underwent therapy and his condition was continually assessed. In addition, he never returned to work. On February 12, 1990, Dr. Phoung Nguyen, Staff Psychiatrist at St. Mary's Rehabilitation Institute, assessed Redden and determined he had 100% impairment of functional activities.

In a deposition, Dr. Jerome Williams, family doctor, stated that Redden had a

chronic posterior cervical muscle sprain, post cerebral concussion with cerebella ataxia, deterred mental capacity due to concussion, old compression fracture of the 7th cervical vertebra, and subluxatia of the 6th and 7th cervical vertebra. Dr. Williams described Redden's altered mental capacity as a loss of short-term memory and divided attention span. He stated that as a result, Redden was "not able to function at any type of job...." Dr. Williams gave his opinion with a reasonable degree of medical certainty that Redden's condition was caused by the injury suffered in the accident on July 29, 1987. He also gave his opinion that claimant's prognosis was very poor and he saw no hope of improvement in the future that claimant would be employable. Dr. Herbert Rosenbaum, a neurologist, examined and evaluated Redden on January 18, 1991. He testified for the insurer that claimant was only 15% permanently and partially disabled.

The Commission found Dr. Williams' and Dr. Nguyen's testimony credible. It disregarded the testimony of Dr. Rosenbaum who opined only partial disability. The Commission is the judge of witnesses' credibility, and this court will not substitute its view of the facts for those of the Commission. *Anderson v. Emerson Electric Co.,* 698 S.W.2d 574, 576 (Mo.App.1985). Because the Commission found Dr. Williams' and Dr. Nguyen's testimony credible, we find there was sufficient and competent evidence to support the Commission's finding of causation between the accident and claimant's mental condition.

The judgment of the Labor and Industrial Relations Commission is affirmed.

PUDLOWSKI and CRANDALL, JJ., concur.