Audrey CHATMON,
Claimant/Respondent,

v.

ST. CHARLES COUNTY AMBU-
LANCE DISTRICT, Employ-
er/Appellant,

and

Missouri Fire & Ambulance Districts,
Insurer/Appellant.

No. ED 78819.

Missouri Court of Appeals,
Eastern District,
Division One.

Sept. 18, 2001.

Jeffrey P. Gault, Gault & Warner, LLC, Clayton, MO, for respondent.

Mark A. Cordes, Moser & Marsalek, P.C., St. Louis, MO, for appellants.

CRANE, Judge.

In this workers' compensation case, employer, St. Charles County Ambulance District, and insurer, Missouri. Fire and Ambulance District, appeal from the final award of the Labor and Industrial Relations Commission (Commission) allowing compensation and affirming the award of the Administrative Law Judge (ALJ). The ALJ found that claimant, Audrey Chatmon, had sustained permanent total disability as a result of back pain and depression caused by an injury she sustained while working as a paramedic. Employer and insurer contend that the Commission erred 1) in finding claimant's psychiatric disability was medically caused by her low back injury and not an underlying personality trait, 2) in finding claimant permanently and totally disabled and not permanently and partially disabled, 3) in awarding claimant past temporary total disability benefits, and 4) in awarding claimant future medical care. Employer and insurer argue that each of these actions was against the overwhelming weight of the evidence. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 27, 1992, at approximately 1:30 a.m., claimant was working as a paramedic

for employer when she attempted to unload a stretcher bearing an obese patient from an ambulance. Before the stretcher wheel system had locked in place, another paramedic pulled the stretcher out as claimant stood at the foot of the stretcher holding on to it. Because the wheels were not locked into place, the stretcher bounced on the fender and hit the ground while claimant was still holding on to it. Claimant experienced pain in her back and felt dizzy and nauseated. Later that day, claimant was examined by her physician, Phillip E. Korenblat, M.D., who referred claimant to a neurologist for her severe back pain. From this time through the date of the hearing claimant continued to be treated for back pain by several other medical doctors and physical therapists, including those referred by employer and insurer. At the time of the hearing, claimant's back pain was being treated by a physician who prescribed a morphine patch.

In December 1992, claimant began treatment with Debra Pearce–McCall, Ph. D., a psychotherapist. .Dr. Pearce–McCall diagnosed claimant with major depression as a result of the pain from her June 27, 1992 back injury and with post-traumatic stress disorder. Dr. Pearce–McCall provided claimant with psychotherapy through 1995 at which time Dr. Pearce–McCall left the St. Louis area. Claimant continued to receive psychotherapy through the date of the hearing from another psychologist recommended by her psychiatrist.

On November 17, 1993, claimant began treatment with Khawla Khan, M.D., a psychiatrist, who also diagnosed her depression as being caused by the pain and disability resulting from the back injury. Dr. Khan treated claimant with antipsychotic medications. In addition claimant was repeatedly hospitalized for depression and made two serious suicide attempts for which she was hospitalized. Dr. Kahn was still treating claimant for depression at the time of the hearing. Claimant has not worked since the accident. Since the accident claimant's physical condition has deteriorated to the point where she cannot do household tasks or hobbies and uses an electric scooter when she goes out.

Claimant filed a claim for compensation with the Division of Workers' Compensation, which was subsequently amended. She reported injuries to her lower back, hip, and pelvis and a psychiatric/adjustment disorder. The ALJ heard the case on October 25, 1999. On January 8, 2000, the ALJ found claimant permanently and totally disabled and awarded her temporary total disability benefits, from June 28, 1992 until November 17, 1993, and permanent total disability benefits, from November 18, 1993 "for so long as the condition of permanent and total disability continues to subsist ." Employer and Insurer filed a timely application for review by the Commission. The Commission issued a final award, which affirmed the ALJ's award, on October 27, 2000, with one member dissenting in part. Employer and insurer appeal.

## DISCUSSION

A. *Standard of Review*

Section 287.495.1 RSMo (2000) governs review:

The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its power;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

Section 287.495.1 RSMo (2000).

 Article V, Section 18 of the Missouri Constitution requires that judicial review of any administrative decision "shall include the determination whether the same are authorized by law, and in cases in which a hearing is required by law, whether the same are competent and substantial evidence upon the whole record." Under this constitutional mandate the reviewing court may not substitute its own judgment on the evidence for that of the administrative tribunal. *Thacker v. Massman Consr. Co.*, 247 S.W.2d 623, 627 (Mo. 1952). But it does authorize it "to decide whether such tribunal could have reasonably made its findings, and reached its result, upon consideration of all of the evidence before it; and to set aside decisions clearly contrary to the overwhelming weight of the evidence." *Id.; Wood v. Wagner Elec. Corp.*, 355 Mo. 670, 197 S.W.2d 647, 649 (Mo. banc 1946). *See also Brown v. Missouri Lumber Transports, Inc.*, 456 S.W.2d 306, 307 (Mo.1970). When courts speak of the "weight of the evidence," they mean its weight in probative value, not the quantity or amount thereof. *O'Shea v. Pattison–McGrath Dental Supplies*, 352 Mo. 855, 864, 180 S.W.2d 19, 23 (1944).

 Accordingly,

Upon review, an award of the Labor and Industrial Relations Commission may be overturned only if it is not supported by substantial evidence or when it is clearly contrary to the overwhelming weight of the evidence. *Vogel v. Hall Implement Co.*, 551 S.W.2d 922 (Mo.App.1977). Thus, it is the duty of the reviewing court to determine from the record as a whole whether the Commission could reasonably have made its findings and award reviewing the record in the light most favorable to the findings of the Commission.

*Johnson v. City of Duenweg Fire Dept.*, 735 S.W.2d 364, 366 (Mo. banc 1987). This continues to be the standard of review articulated by the Missouri Supreme Court:

> When reviewing the sufficiency of the evidence, the Court is limited to determining whether the Commission's award is supported by competent and substantial evidence on the whole record. The evidence and inferences are reviewed in the light most favorable to the award, and the Commission's findings will be set aside only when they are clearly contrary to the overwhelming weight of the evidence.

*Akers v. Warson Garden Apartments*, 961 S.W.2d 50, 52–53 (Mo. banc 1998) (internal citations omitted). *See also Curry v. Ozarks Elec. Corp.*, 39 S.W.3d 494, 495, 496 (Mo. banc 2001).

 If decisions are based on determinations of fact, the reviewing court considers the evidence in the light most favorable to the Commission's findings. *West v. Posten Constr. Co.*, 804 S.W.2d 743, 744 (Mo. banc 1991). It must consider all reasonable inferences therefrom and disregard all opposing and unfavorable evidence. *Pulitzer Pub. Co. v. Labor & Ind. Relations Comm'n*, 596 S.W.2d 413, 417 (Mo. banc 1980). If the evidence before the Commission " 'would warrant either of two opposed findings, the reviewing court is bound by the administrative determination, and it is irrelevant that there is supportive evidence for the contrary finding.' " *Id.* (*Board of Education, Mt. Vernon Schools v. Shank*, 542 S.W.2d 779, 782 (Mo. banc 1976)). In addition, we defer to the

Commission on issues involving the credibility of witnesses and the weight to be given their testimony. *Johnson v. Denton Constr. Co.*, 911 S.W.2d 286 (Mo. banc 1995); *Alexander v. D.L. Sitton Motor Lines*, 851 S.W.2d 525, 527 (Mo. banc 1993); *Brown*, 456 S.W.2d at 307.

## B. *Medical Causation*

■ In their first point, employer and insurer contend that the Commission's finding that claimant's psychiatric disorder was medically causally related to her low back injury was against the overwhelming weight of the evidence because competent, substantial evidence supports a finding that the psychiatric disorder resulted from claimant's pre-existing histrionic personality trait.

The Commission found:

The expert opinion of Dr. Khan is found persuasive as to the nature of the pain suffered by Ms. Chatmon. The pain suffered by Ms. Chatmon is both physical and psychological. Further, the claimant's work and medical history prior to her back injury history suggests, as Dr. Khan concludes, that the major depression suffered by Ms. Chatmon is wholly precipitated by the back injury of 6/27/92, and that the back injury is a substantial factor in the resulting psychiatric condition. The back injury is further found to be the direct and proximate cause of the major depression suffered by Ms. Chatmon. Further, both the physical and psychiatric injur[ies] are due to a risk peculiar to her employment, i.e., are due to a risk that is greater in her employment as opposed to her nonemployment life. Both the physical complaints relating the low back, and the psychiatric complaints referable to a major depression, are deemed to be compensable injuries under the act.

■ The injury must arise out of and in the course of employment and must clearly be work-related. Section 287.020.2 .3 RSMo. Mental conditions are compensible if they are shown to have been directly and proximately caused by the accident. *Wilhite v. Hurd*, 411 S.W.2d 72, 78 (Mo. 1967). *See also Todd v. Goostree*, 493 S.W.2d 411, 417 (Mo.App.1973). "[A] preexisting but non-disabling condition does not bar recovery of compensation if a job-related injury causes the condition to escalate to the level of disability." *Avery v. City of Columbia*, 966 S.W.2d 315, 322 (Mo.App.1998).

Dr. Khan was a board-certified psychiatrist who began treating claimant for major depression on November 17, 1993 and continued treating her through the date of the hearing. Dr. Khan opined within a reasonable degree of medical certainty that claimant's major depression was wholly precipitated by her back injury. She testified that before the accident claimant was a fully functional individual, who worked full time and engaged in many outdoor activities. She testified that claimant's physical pain and loss of the ability to work, with the accompanying loss of prestige and income, caused claimant's dependency needs to surface to the point she was no longer functional and her condition never improved in spite of pain management programs and medication. Claimant's depression resulted in two serious suicide attempts and multiple psychiatric hospitalizations. She also testified that patient's back pain medication cripples her with severe sedation and poor concentration.

Dr. Khan's opinion was supported by other expert evidence. Dr Pearce–McCall, a psychotherapist who treated claimant from December, 1992 until September, 1995, testified by deposition that she diagnosed claimant with major depression.

Dr. Pearce–McCall testified, within a reasonable degree of professional certainty, that the cause of claimant's emotional distress was pain from the back injury. She testified that claimant suffered "that back injury and then the ongoing pain that triggered despair. And once she started feeling hopeless about living life without some degree of ongoing pain, it set off this cycle of depression." She further testified that "if [claimant] had not had that back injury, she would not have psychologically unraveled and ended up in this state of recurrent depression." Finally, she opined that claimant's psychological problems "are the result of her pain and physical limitations." In addition, Janine Fromm, M.D., who treated claimant for her back pain, reported to insurer in 1995 that the precipitant of patient's psychiatric decompensation was physical.

This evidence constitutes substantial and competent evidence which supports the Commission's finding that claimant's June, 1992 back injury is the direct and proximate cause of her major depression. *See Redden v. Dan Redden Co.*, 859 S.W.2d 207, 210–11 (Mo.App.1993).

Employer argues that this finding is, nevertheless, against the overwhelming weight of the evidence because Wayne A. Stillings, M.D., a psychiatrist who examined claimant on October 8, 1996, at the request of employer and insurer, was more credible than Dr. Khan and Dr. Pearce–McCall. Dr. Stillings testified by deposition that he diagnosed claimant, within a reasonable degree of medical certainty, with a histrionic personality trait, which was not related to and which preceded her accident on June 27, 1992. Dr. Stillings testified that he did not find any indication that claimant suffered from depression. Dr. Stillings saw claimant for one hour and twenty minutes and gave her an MMPI test. He did not review claimant's hospital records from her psychiatric admissions and suicide attempts. Dr. Stillings testified that claimant sustained no permanent partial or temporary total psychiatric disability in relation to the June 27, 1992 accident.

The Commission found Dr. Khan's diagnosis that claimant suffered from a major depression to be more persuasive because Dr. Khan had a better grasp of claimant's mental history and treatment history than did Dr. Stillings. The Commission rejected Dr. Stillings's conclusion that claimant's pain had no physiological basis because three physicians testified that her back was injured and claimant had no prior history of back injury or complaint. The Commission agreed with Dr. Khan's conclusion that claimant's major depression was wholly precipitated by the back injury of June 27, 1992, and that the back injury is a substantial factor in the resulting psychiatric condition, because it was inconsistent with her work and medical history prior to her back injury. The Commission also found that "Dr. Khan is found the most persuasive as to her expert medical opinion as to causation....."

██ "The decision to accept one of two conflicting medical opinions is a question of fact for the Commission." *Johnson,* 911 S.W.2d at 288. We defer to the Commission on issues involving the credibility of witnesses and the weight given to testimony. *Id.* The Commission's decision to believe Dr. Khan and Pearce–McCall and not Dr. Stillings is well within its authority. *Id.; see also Redden,* 859 S.W.2d at 211. On the whole record, the Commission could reasonably have found claimant's depression was caused by the injury to her back. Point one is denied.

## C. *Permanent and Total Disability*

██ In their second point employer and insurer maintain that the Commis-

sion's finding that claimant was permanently totally disabled instead of permanently partially disabled was against the overwhelming weight of the evidence. They argue that the competent, substantial evidence supports the finding that claimant suffered a permanent, but partial, disability.

 "Total disability" means "inability to return to any employment and not merely .... inability to return to the employment in which the employee was engaged at the time of the accident." Section 287.020.7 RSMo (2000). "The test for permanent total disability is the worker's ability to compete in the open labor market in that it measures the worker's potential for returning to employment." *Sutton v. Vee Jay Cement Contracting Co.*, 37 S.W.3d 803, 811 (Mo.App.2000). "The critical question then becomes whether any employer in the usual course of employment would reasonably be expected to hire this employee in his or her present physical condition." *Reese v. Gary & Roger Link, Inc.*, 5 S.W.3d 522, 526 (Mo.App. 1999).

The Commission found that claimant was permanently totally disabled. The Commission relied on Dr. Khan's opinion on claimant's total permanent disability. Dr. Khan testified that claimant was incapable of functioning in a working environment while on the various pain and psychotropic medications prescribed to manage her condition. She testified that the medications were necessary to cure and relieve claimant from the effects of her back injury. Dr. Khan testified that, based on a reasonable degree of medical and psychiatric certainty, claimant was totally disabled. Dr. Khan's testimony constitutes competent and substantial evidence supporting the Commission's finding of permanent total disability.

Employer and insurer rely on medical opinions that claimant's back injury constituted a partial disability and Dr. Stilling's testimony that claimant did not sustain any psychiatric permanent disability as a result of the accident. We defer to the Commission's decision to accept Dr. Khan's opinion instead of Dr. Stillings's opinion. *Johnson,* 911 S.W.2d at 288. On the whole record, the Commission could reasonably have made this finding. Point two is denied.

### D. *Past Temporary Total Disability Benefits*

 For their third point employer and insurer assert that the Commission erred in awarding claimant past temporary total disability benefits. They argue the award was against the overwhelming weight of the evidence because the competent, substantial evidence supports a finding that employer had already paid all such benefits to which claimant was entitled and any additional temporary total disability benefits did not result from the compensable accident.

The Commission found employer and insurer liable for temporary total disability payments of $360.20 per week from June 28, 1992, the date of the accident, through November 17, 1993, the date claimant was diagnosed by Dr. Khan. The Commission acknowledged that employer and insurer had already paid $5,866.12 in temporary total disability payments for the period from June 28, 1992 through October 18, 1993. Employer and insurer argue that, because Dr. Samson, to whom insurer had referred claimant, released claimant to restricted duties on August 19, 1992 and discharged claimant from medical care on September 30, 1992, their liability for temporary benefits stopped as of that time. Employer and insurer's arguments depend

on their claim that claimant's psychiatric condition was not caused by the accident.

 The purpose of temporary total disability benefits is to cover the claimant's healing period. *Boyles v. USA Rebar Placement, Inc.*, 26 S.W.3d 418, 424 (Mo.App.2000). "Temporary total disability awards are owed until the claimant can find employment or the condition has reached the point of maximum medical progress." *Id.*

Substantial evidence supports the award of temporary total disability benefits through November 17, 1993 instead of through September 30, 1992. The Commission accepted the opinion of Dr. Khan that claimant was totally disabled at the time she began treating claimant, on November 17, 1993. Dr. Khan's testimony supports the findings that claimant's condition had reached the point of maximum medical progress on November 17, 1993 and that as of that day, further medical progress was not expected. The commission's award of temporary total disability benefits from June 28, 1992 until November 17, 1993 is supported by competent and substantial evidence. *See Boyles*, 26 S.W.3d at 424.

We defer to the Commission's decision to accept Dr. Khan's opinion instead of Dr. Stillings's opinion on medical causation. *Johnson*, 911 S.W.2d at 288. On the whole record the Commission could reasonably have made this finding. Point three is denied.

E. *Future Medical Benefits*

 In point four employer and insurer contend that the Commission erred in awarding claimant future medical benefits. They argue that this award was against the overwhelming weight of the evidence because the competent, substantial evidence supports the finding that claimant was provided all medical treatment reasonable and necessary to cure and relieve the effects of her injury and that the additional treatment awarded was not related to the injuries claimant received as a result of the accident.

The Commission awarded future medical benefits to claimant. The Commission based its award on the following findings:

Dr. Khan is found the most persuasive as to her expert medical opinion as to causation and as to need for ongoing psychiatric and pain management treatment.

\* \* \*

[T]he testimony of Ms. Chatmon as to her ongoing complaints and the expert medical opinion of Dr. Khan persuade that the claimant is in need of ongoing care as a result of the involved work injury. The employer/insurer is found liable for the expense of future psychiatric and pain management care, consistent with the opinion of Dr. Khan.

 A claimant bears the burden of proving entitlement to an award of future medical care. *Boyles*, 26 S.W.3d at 426. The claimant must establish a "reasonable probability" that he or she will need future medical care. *Id.* Although employer and insurer argue that claimant failed to present any evidence indicating that she required additional medical treatment, Dr. Khan testified that claimant will need both psychiatric treatment and pain management treatment for the rest of her life.

The Commission relied on Dr. Khan's testimony which constitutes competent and substantial evidence demonstrating the need to future medical care, which evidence, in turn, justifies the award of future medical benefits.

Employer and insurer rely on the evidence that Dr. Sampson, to whom insurer

had referred claimant for treatment of her back, had released claimant from treatment. However, there was evidence that claimant was still being treated and medicated by a physician for back pain at the time of the hearing. In addition, this argument ignores claimant's psychiatric injury. Again, we defer to the Commission's decision to accept Dr. Khan's opinion instead of Dr. Stilling's opinion on medical causation. *Johnson*, 911 S.W.2d at 288.

On the whole record the Commission could reasonably have found that claimant was entitled to future medical benefits for psychiatric care and pain management care. Point four is denied.

The award of the Commission is affirmed.

WILLIAM H. CRANDALL, JR., P.J. and ROBERT G. DOWD, JR., J., concur.