Linda L. WHITNEY, Appellant,

v.

COUNTRY WIDE TRUCK SERVICE, INC., Respondent.

No. 65381.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 27, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 31, 1994.

Jack B. Spooner, Clayton, for appellant.

Respondent, pro se.

GARY M. GAERTNER, Judge.

Appellant, Linda L. Whitney, appeals from a decision of the Labor and Industrial Relations Commission affirming the Administrative Law Judge's opinion that the Missouri Division of Workers' Compensation was without jurisdiction to address appellant's claim. We affirm.

In October 1987, appellant, a resident of Missouri, travelled to Pomona, California to interview for a position as a truck driver with respondent, Country Wide Truck Service, Inc. Upon her return to Missouri, appellant telephoned respondent to ascertain the status of her application. At that time, a representative of respondent indicated Country Wide's intention to hire appellant. Appellant

was told to report to respondent's facility in Knoxville, Tennessee for a drug test, a road test, and orientation. While in Knoxville, appellant's food and lodging were paid by respondent. Appellant successfully completed the required tests and orientation and was subsequently put on a truck.

On November 26, 1987, appellant was injured when the truck she was driving for respondent blew a tire, jackknifed, and rolled over at Forrest City, Arkansas. Appellant immediately phoned in an accident report to respondent. Appellant required emergency room service in Forrest City, as well as follow-up visits with Dennis E. Trachte, D.C. Dr. Trachte determined appellant suffered a permanent injury equivalent to 30% of the body as a whole.

Appellant filed a claim for compensation with the Missouri Division of Workers' Compensation ("Division"). On July 27, 1992, a hearing was held, and on September 25, 1992, the Administrative Law Judge ("ALJ") issued a decision finding the Division was without jurisdiction to address appellant's claim and accordingly dismissed the action. Appellant appealed the ruling to the Labor and Industrial Relations Commission ("Commission"). The Commission unanimously affirmed and incorporated therein the opinion of the ALJ. This appeal ensued.

■■■ When reviewing an award of the Labor and Industrial Relations Commission, we scrutinize the record in the light most favorable to the decision. *Cole v. Town & Country Exteriors,* 837 S.W.2d 580, 583 (Mo. App.E.D.1992). Our review is limited to a determination as to whether the Commission's award is supported by substantial and competent evidence on the entire record. *Carroll v. Loy–Lange Box Co.,* 829 S.W.2d 86, 88 (Mo.App.E.D.1992).

■■■ Appellant raises one point on appeal. She asserts the Commission erred in dismissing her claim for lack of jurisdiction. RSMo § 287.110.2 (1993) addresses the jurisdiction of the Division:

This chapter shall apply to all injuries received and occupational diseases contracted in this state, regardless of where the contract of employment was made, and

also to all injuries received and occupational diseases contracted outside of this state under contract of employment made in this state, unless the contract of employment in any case shall otherwise provide, and also to all injuries received and occupational diseases contracted outside of this state where the employee's employment was principally localized in this state.

Appellant suggests her situation falls within the purview of the second condition above and argues her contract of employment with Country Wide was made in Missouri. We disagree.

■■■ It is a well-accepted rule of contract law that, in order for a contract to be formed, there must be a meeting of the minds of the parties to the contract regarding the same thing, at the same time. *Thacker v. Massman Const. Co.,* 247 S.W.2d 623, 629 (Mo.1952) (citations omitted). In determining the place where the minds of the parties met, the trier of fact must consider all of the facts and circumstances and the conduct of the parties. *Deister v. Thompson,* 352 Mo. 871, 180 S.W.2d 15, 17 (1944). It is generally assumed the contract was made at the place where the last act necessary to complete the contract is performed. *Overcash v. Yellow Transit Co.,* 352 Mo. 993, 180 S.W.2d 678, 681 (1944) (citations omitted).

Applying these standard rules of contracts to the facts before us, we find the contract for employment between appellant and respondent was entered in Knoxville, Tennessee. In testimony before the ALJ, appellant established she initially interviewed for her position in Pomona, California. While in Pomona, appellant completed the customary new-hire paperwork—W–2's, etc.—which was then sent to Knoxville. After she returned to Missouri, appellant phoned respondent's offices in Pomona, at which time she was told to report to Knoxville for completion of the necessary tests and orientation for employment. It was only after appellant arrived in Tennessee and successfully completed the drug test, road test, and orientation that she was assigned a truck and sent out on the road. As such, we find the last act necessary

to complete the contract to have been performed in Knoxville, Tennessee.

Based on the foregoing, the decision of the Commission is affirmed.

REINHARD, P.J., and CRAHAN, J., concur.