Susan GASH, Ryan M. Gash, and
Tyler K. Gash, Respondents,

v.

**BLACK AND VEATCH and Liberty
Mutual Insurance Company,
Appellants.**

No. WD 54643.

Missouri Court of Appeals,
Western District.

Aug. 11, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 22, 1998.

Stephanie Warmund, Kansas City, for Appellants.

William Edward Quirk, Kansas City, for Respondents.

SPINDEN, Judge.

Black and Veatch and its insurer, Liberty Mutual Insurance Company, appeal the Labor and Industrial Relations Commission's award of benefits to the family of Kent Gash, Black and Veatch's employee, who died on June 10, 1995, from injuries sustained while working in Kansas. Black and Veatch and Liberty Mutual contend that the commission lacked jurisdiction to consider the case because Gash's employment was principally in Kansas and that the contract for his employment was made in Kansas. We disagree and affirm the commission's award.

Although Gash was working in Kansas when he was injured and the Gashes lived in Kansas, Gash's widow and two minor children filed a claim for workers' compensation in Missouri. They also claimed and received benefits under Kansas workers' compensation law. Black and Veatch is headquartered in Kansas City and has offices in Kansas.

The commission's administrative law judge awarded Missouri workers' compensation to Gash's survivors on the grounds that his employment contract was made in Missouri and that his employment was principally in Missouri. On June 26, 1997, the commission affirmed its administrative law judge's decision.

Black and Veatch and Liberty Mutual contend that the commission erred in awarding benefits because Gash's employment was principally in Kansas, not Missouri, so the commission lacked jurisdiction to make an award. We need not decide the issue because the commission had a sufficient basis for concluding that Black and Veatch's employment contract with Gash was made in Missouri, and this was a sufficient basis for assuming jurisdiction.

In § 287.110.2, RSMo 1994, the General Assembly granted jurisdiction to the commission to consider cases involving "all injuries received and occupational diseases contracted outside of this state under contract of employment made in this state, unless the contract of employment in any case shall otherwise provide[.]" The commission concluded that, although Gash sustained his fatal injuries in Kansas, it had jurisdiction because his employment contract was made in Missouri. Black and Veatch and Liberty Mutual challenge this as contrary to the overwhelming weight of the evidence. We disagree.

Black and Veatch and Liberty Mutual complain that the commission's conclusion that the employment contract was made in Missouri was based on improperly-admitted hearsay. Without the hearsay, they argue, the commission did not have substantial and competent evidence that the contract was made in Missouri. Alternatively, Black and Veatch and Liberty Mutual contend that the employment contract was not formed when Gash accepted the offer during a telephone conversation, but when he appeared two weeks later for his first day of work at Black and Veatch's offices in Overland Park, Kansas, and completed federal forms and a direct deposit payroll form. We disagree with both contentions.

■ The commission concluded that the contract was made in Missouri because Gash was in Missouri when he accepted Black and Veatch's offer of employment. Generally, we deem a contract to have been made where the contractors completed the last act necessary. *Whitney v. Country Wide Truck Service, Inc.*, 886 S.W.2d 154, 155 (Mo.App. 1994).

Gash's widow, his supervisor, and an office manager for his previous employer testified that Gash told them on April 7, 1996, a day that Gash was working at a job site of his previous employer in Kansas City, that he had accepted employment that day with Black and Veatch. This testimony was hearsay, Black and Veatch and Liberty Mutual contend, and without it the commission would have had no basis other than conjecture for finding that the contract was made in Missouri.

■ Even without this evidence, however, other admissible evidence, not disputed by Black and Veatch and Liberty Mutual, established that Gash was working in Kansas City on April 7, that he accepted Black and Veatch's offer during normal working hours, that he had no portable telephone but a telephone was available at the job site, that Gash always checked with his employer before leaving the job site, and that no one made a record that Gash left the job site on April 7. This was all circumstantial evidence that Gash was in Missouri when he called to accept Black and Veatch's offer. The evidence's being circumstantial is not a bar to recovery so long as the inference drawn from it is the more reasonable and probable of the possible conclusions. *Vaughan v. Taft Broadcasting Company*, 708 S.W.2d 656, 661 (Mo. banc 1986); *Cooper v. Medical Center of Independence*, 955 S.W.2d 570, 576 (Mo.App. 1997). The more reasonable and probable conclusion from this evidence was that Gash called from his job site in Missouri to accept Black and Veatch's offer.

Hence, the commission's finding was supported by sufficient evidence. The finding was not contrary to the overwhelming weight of the evidence in the whole record.

■ Black and Veatch and Liberty Mutual also argue that the contract was not formed

when Gash telephoned his acceptance because other, necessary acts remained undone. They assert that the last act necessary to form the contract occurred when Gash showed up for his first day of work on April 24 and completed necessary forms. Sufficient evidence supported the commission's rejection of this position.

Although Black and Veatch's employment manager testified that he did not consider Gash to be an employee until he completed the forms, he acknowledged that Gash had already accepted the job when he sent a letter to Gash on April 11, 1995. The letter said, "This letter will confirm your acceptance of a position as a Construction Technician 3 in the Field Operations Department at a starting salary of $3150.00 per month. We are very pleased that you are joining the firm." The manager acknowledged that Black and Veatch's offer was not contingent on anything and that Gash accepted an "unqualified" offer. He said that he would not have offered the job to anyone else or have rescinded the offer before Gash began working on April 24.

Black and Veatch and Liberty Mutual rely heavily on *Whitney v. Country Wide Truck Service, Inc.*, 886 S.W.2d 154 (Mo.App.1994), to argue that the contract was not complete until Gash completed the forms on April 24. In that case, however, an employer offered an applicant a job contingent on his passing a drug test and a driving test, and completing orientation. *Id.* at 155–56. Black and Veatch's offer had no such contingencies.

We, therefore, affirm the commission's award as supported by substantial and competent evidence.

HOWARD, P.J., and BRECKENRIDGE, J., concur.