

In the

Missouri Court of Appeals

Western District

FAUSTO FRANCO-LOPEZ,

          **Appellant,**

**v.**

**JOSE MARTINEZ,**

          **Respondent.**

**WD76942**

**OPINION FILED:**

**JUNE 3, 2014**

---

**Appeal from the Labor and Industrial Relations Commission**

**Before Division One: Joseph M. Ellis, PJ., Karen King Mitchell, Anthony Rex Gabbert, JJ.**

Fausto Franco-Lopez (the "Employee") appeals the Labor and Industrial Relations Commission's (the "Commission") decision denying him compensation because it lacked jurisdiction over his claim. The Employee raises three points on appeal. First, the Employee argues that the Commission erred in not providing basic findings of fact for its decision because the Commission found some of the administrative law judge's ("ALJ") findings of fact incorrect. Second, the Employee argues that the Commission erred in finding that it lacked jurisdiction and denying him compensation because there is uncontested testimony by the Employee that there was an employment contract with Jose Martinez (the "Employer") that was formed in Missouri. Lastly, the Employee argues that the Commission erred in denying his claim on the basis that he

initiated a worker's compensation claim in Kansas and allegedly elected a remedy there.  We affirm.

## Factual Background

In 2004, the Employee claimant moved from Honduras to Texas to work.  Some time later, the Employee moved to Columbia, Missouri to live with his sister, who was married to the Employer.  The Employee performed carpentry, construction, and framing work for the Employer.  Between projects with the Employer, the Employee worked for himself, as well as other construction companies.

In November 2007, the Employee went with the Employer to a local home improvement store in Columbia to purchase materials for a ten-unit roofing project in Lawrence, Kansas.  The Employee and Employer made multiple trips to the store to get supplies.  On at least one occasion, the Employee went by himself to the store to pick up supplies and paid using the Employer's credit card.  After a few days, the Employee drove by himself to Lawrence with the supplies.  The Employer had left a few days earlier to secure lodging for his workers.  After a few days in Kansas, the Employee began working on the Employer's roofing project.  While working on the roof one day, the Employee fell off the roof and broke his left arm and pelvis.

As a result of the injury, the Employee received $9,924.59 in temporary disability and $28,226.04 in medical aid under the Kansas Worker's Compensation Act.  After receiving medical clearance from his treating physician, the Employee started working for another company.  While working for this company, the Employee fell off a ladder, injuring his back and left arm.  The Employee's medical expenses for this accident were paid for by the new company.

The Employee continued to suffer from pain caused by falling off the roof that affected his ability to work.  The Employee filed a worker's compensation claim in Missouri.  At the

2

compensation hearing, the Employee testified. Depositions from medical experts and medical records were also admitted into evidence. The ALJ ruled that it lacked jurisdiction over the Employee's claim. The Employee appealed to the Commission, which affirmed the ALJ's conclusion that it lacked jurisdiction. The Employee appeals the Commission's claim.

## Standard of Review

This Court reviews an award by the Commission to determine whether it was "supported by competent and substantial evidence upon the whole record." MO. CONST. art. V, sec. 18. Under Section 287.495.1, RSMo 2000,[1] we must affirm the Commission's award unless (1) the Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award. *Spencer v. Sac Osage Elec. Co-op., Inc.*, 302 S.W.3d 792, 799 (Mo. App. 2010). The Commission's findings of fact are conclusive and binding on appeal unless there is fraud. *Sell v. Ozarks Med. Ctr.*, 333 S.W.3d 498, 506 (Mo. App. 2011) (quoting § 287.495.1).

This Court reviews "the award objectively, without viewing the evidence and its inferences in the light most favorable to the award." *Liberty v. Treasurer*, 218 S.W.3d 7, 11 (Mo. App. 2007) (citing *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 222-23 (Mo. banc 2003)). In order to determine if there is competent and substantial evidence to support the award, we examine the evidence in the context of the whole record. *Hampton*, 121 S.W.3d at 223. "An award that is contrary to the overwhelming weight of the evidence is, in context, not supported by competent and substantial evidence." *Id.*

---

[1] All statutory references are to the Revised Statutes of Missouri 2000, updated through the 2013 cumulative supplement, unless otherwise noted.

## Commission's Finding of Facts

In his first point, the Employee argues that the Commission erred in not providing basic findings of fact for its decision. The Employee contends that because the Commission found some of the ALJ's findings of fact incorrect that the Commission should have provided findings of fact on the jurisdiction issue. We find no err.

The Commission may adopt the ALJ's award, as well as the ALJ's findings and conclusions. *Spencer*, 302 S.W.3d at 799. "When the Commission affirms and adopts the ALJ's award, we review the ALJ's findings as adopted by the Commission." *ABB Power T&D Co. v. Kempker*, 236 S.W.3d 43, 48 (Mo. App. 2007). Here, the Commission affirmed and adopted the ALJ's decision to not award compensation because it did not have jurisdiction over the claim. In affirming the ALJ's decision, the Commission corrected an unsupported fact in the ALJ's findings of fact. The Commission found that the record did not support that the Employee received a phone call while in Columbia from the Employer regarding the Kansas project. Based on this correction and that there was no factual findings about whether there was a Missouri contract, the Employee argues that the Commission should have provided basic findings of fact to support its decision to affirm the ALJ's decision. We disagree.

The Commission's correction of the unsupported fact provides greater strength and accuracy to the ALJ's determination that it did not have jurisdiction over the Employer's claim. If the Employee had in fact received a phone call while in Columbia from the Employer about the Kansas project, then that fact alone may have supported a finding that the ALJ had jurisdiction over the claim. *See Gash v. Black & Veatch*, 976 S.W.2d 31, 32 (Mo. App. 1998) (finding that where an applicant accepts an employment offer over the phone while in Missouri, then the employment contract is deemed to have been made in Missouri); *See also Whiteman v.*

4

*Del-Jen Constr., Inc.*, 37 S.W.3d 823, 831 (Mo. App. 2001) (overruled on other grounds by *Hampton*, 121 S.W.3d 220). *But see Liberty*, 218 S.W.3d at 10-14 (finding that the Employee claimant failed to meet his burden of proof establishing jurisdiction, even though the Employee testified that he had received a phone call while in Missouri from the Employer about employment in Kansas).

Furthermore, the ALJ based its jurisdictional conclusion on other facts and not solely on the unsupported fact about the phone call. These facts include that (1) the Employee did not testify that the Employer told him to buy the materials in Missouri; (2) there was no evidence that the purchasing the materials was a precondition to the completion of any employment contract with the Employer; (3) there was a period of several days before the Employee transported the purchased materials to Kansas; (4) the Employee was unable to provide the date he drove the materials to Kansas or what date he began working for the Employer; and (5) the Employee did not provide any details as to his initial employment agreement with the Employer. These facts, as well as the conclusion, were adopted by the Commission. The Commission stated:

> Because we otherwise agree with the administrative law judge's findings, analysis, and conclusions, and in particular her determination that employee failed to meet his burden of proving Missouri jurisdiction in this matter, we affirm the award denying the employee's claim for lack of jurisdiction under § 287.110.

Thus, it is clear from the Commission's decision that the other facts provided by the ALJ in its opinion were adopted and were sufficient to support the ALJ's conclusion denying the Employee any compensation because the Employee failed to meet his burden of proving Missouri jurisdiction. Therefore, we find that the Commission did not err by not including its

5

own basic findings of facts on the jurisdictional issue because it is clear from the Commission's opinion that it adopted the ALJ's factual findings and conclusion. Point one is denied.

**Lack of Jurisdiction**

In the Employee's second point, he argues that the Commission erred in denying him workers' compensation because there is uncontested testimony by the Employee that there was an employment contract with the Employer that was formed in Missouri. He contends, therefore, that under § 287.110 the Commission has jurisdiction over his claim. We find no err.

Pursuant to § 287.110, the Workers' Compensation Act applies to (1) all injuries received and occupational diseases contracted in this state; (2) all injuries received and occupational diseases contracted outside of this state under contract of employment made in this state; and (3) all injuries received and occupational diseases contracted outside of this state where the employee's employment was principally localized in this state within thirteen weeks of the injury or diagnosis of the occupational disease. The claimant bears the burden of proving not only the essential elements of his claim but also jurisdiction. *Redden v. Dan Redden Co.*, 859 S.W.2d 207, 210 (Mo. App. 1993) (overruled on other grounds by *Hampton*, 121 S.W.3d 220). "The determination of jurisdiction presents a factual issue, with the claimant having the burden of proof and persuasion on the question." *Liberty*, 218 S.W.3d at 11. The Employee argues that § 287.110.2 applies because the Employee and Employer formed an employment contract in Missouri. While we recognize and consider the fact that the Employee lived in Missouri with the Employer and his sister, the Employee still must present other evidence that the Employee and the Employer intended to make a contract in Missouri. *Johnson v. Great Lakes Pipeline Co.,* 215 S.W.2d 460, 464 (Mo. 1948).

Here, the Employee testified that he went to a hardware store in Columbia, Missouri on several occasions for a project in Lawrence, Kansas. On at least one occasion, the Employee was given the Employer's credit card to make purchases without the assistance of the Employer. The Employee later drove the purchased materials to Lawrence. A few days later, he began working on the roofing project. The Employee argues that this uncontradicted testimony established that the Employee and the Employer formed a contract in Missouri and, therefore, the Commission had jurisdiction over his claim. However, "[t]he Commission is free to reject all or part of a claimant's testimony which it does not consider credible and may disregard a witness's testimony even if no contradictory or impeaching evidence is introduced." *Liberty*, 218 S.W.3d at 13 (internal citations omitted).

Furthermore, the Employee failed to provide any receipts or records regarding the purchases. The Employee failed to testify that the Employer wanted the materials purchased in Missouri, even though the project was in Kansas, or that purchasing the materials was a precondition to his employment with the Employer. The Employee was also unable to provide the date he drove from Missouri to Kansas, nor was he able to provide an exact date on which he began working on the Kansas project. In fact, after reviewing the record, the Employee's testimony regarding his hiring was just as the ALJ described it—"cursory, vague, and disjointed." As a result, it is difficult to determine where the contract was formed. With the Employee having the burden of production and persuasion that the employment contract with the Employer was formed in Missouri, we find that there is competent and substantial evidence on the record to support the Commission's decision that it did not have jurisdiction over the claim. Therefore, we find no err. Point two is denied.

7

**Kansas Worker's Compensation Claim**

In his final point on appeal, the Employee argues that the Commission erred in denying his claim on the basis that he had initiated a worker's compensation claim in Kansas and allegedly elected a remedy there. The Employee contends that he never filed a claim in Kansas, but the Employer filed a claim on behalf of the Employee. He further contends that no offer of settlement was made and the matter was never adjudicated in Kansas. We find no err.

After reviewing the Commission's decision and the whole record, we find no basis for the Employee's argument. *See also Schnucks Carrollton Corp. v. Bridgeton Health & Fitness Inc.*, 884 S.W.2d 733, 740 (Mo. App. 1994) (finding that there was no basis to claim that the rent due under the month to month tenancy was unliquidated because the record did not support this contention). The ALJ's ruling, which the Commission adopted, dismissed the Employee's claim because it lacked jurisdiction over the claim. In determining that it lacked jurisdiction, the ALJ did not base its decision on the Employee's worker's compensation claim in Kansas. Instead, the ALJ based its decision on the fact that the Employee failed to show that Missouri's Worker's Compensation Act under § 287.110.2 applied. In its anaylsis using § 287.110.2, the ALJ never mentioned that it lacked jurisdiction because of the Employee's worker's compensation claim in Kansas. As a result, we find no basis for Employee's third point on appeal. Therefore, point three is denied.

We conclude, therefore, that the Commission did not err in denying the Employee compensation because there was competent and substantial evidence on the whole record to support the Commission's finding that the Employee failed to meet his burden of proving Missouri jurisdiction. We further conclude that the Commission did not err by not including its own basic findings of fact because the Commission adopted and supplemented the ALJ's

8

findings of fact in its decision. Finally, we conclude that the Commission did not err in denying the Employee's claim on the basis that the Employee had initiated a worker's compensation claim in Kansas because there was no basis on the record to support Employee's argument. We affirm the Commission's decision.

 

_____

Anthony Rex Gabbert, Judge

All concur.