

# Missouri Court of Appeals

### Southern District

### Division Two

JOHN M. HARRINGTON,         )
         )
      Claimant-Respondent,    )
         )
    vs.         )     No. SD34016
         )     Filed:  October 16, 2015
EMPLOYER SOLUTIONS STAFFING,    )
         )
      Employer-Appellant.    )

### APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

### AFFIRMED

John M. Harrington ("Employee"), an employee of Employer Solutions Staffing ("Employer"), filed a claim for compensation against Employer arising out of an injury of June 13, 2012.  An Award was entered against Employer and it is from that Award Employer appeals. We affirm the Award of the Labor and Industrial Relations Commission ("Commission").

### Factual and Procedural History

Employee was hired by Employer in Missouri for a painting job to be completed in Fort Worth, Texas.  On June 13, 2012, while in Texas, Employee was painting on a ladder, when he slipped and fell several rungs off the ladder.  He had immediate pain in his neck, upper back, and right shoulder.

Employee filed a formal claim for compensation with the Missouri Division of Workers' Compensation ("Division") on July 13, 2012. A hardship hearing was conducted on May 21, 2013. Employee was present with his attorney, but no appearance was made by Employer or any insurance company on behalf of Employer. The insurer was shown as "unknown."

Admitted into evidence at the hardship hearing was a certified mail notice to Employer containing the notice of hearing. The record recites that no formal claim for compensation was filed in Texas, but Employee was receiving "temporary income" from Texas Mutual Insurance Company ("Texas Mutual") in the amount of $776 per week.

On July 2, 2013, the administrative law judge ("ALJ") entered a temporary award in favor of Employee awarding him past temporary total disability benefits in the amount of $37,919.39, with continuing weekly benefits, and medical treatment.

A final hearing was conducted on June 25, 2014, before the same ALJ. Employee and his attorney appeared. Evidence at that hearing included a notice of hearing, by certified mail, to Employer advising of the June 25, 2014 final hearing. The ALJ issued a final award on July 30, 2014, which awarded benefits to Employee for unpaid temporary total disability; a penalty for Employer's failure to comply with the temporary award, pursuant to section 287.510;[1] additional temporary total disability; unreimbursed medical expenses; and a permanent partial disability award. The final award included the following specific findings of fact:

---

[1] All references to statutes are to RSMo 2000, unless otherwise indicated.

**Notice of Hearing**

The Missouri Division of Workers' Compensation sent notice of the final hearing by certified mail to [Employee], his counsel, and to Employer Solutions Staffing at Employer Solutions Staffing, 7301 OHMS Lane, Suite 405, Edina, Minnesota, 55439 (Court Exhibit 5). The notices, dated March 31, 2014, were mailed on April 2, 2014, as evidenced by the United States Post Office mark. The date of hearing was Jun[e] 25, 2014. [Employee]'s notice was returned to the Division because he had moved and the notice could not be forwarded (Exhibit 4). Still, [Employee] appeared with his counsel. The notice to Employer by certified mail on April 2, 2014, was not returned. Based on the only evidence in the record and the reasonable presumptions from that evidence, I find that the Division forwarded the notice of the Final Hearing by certified mail to Employer's last known address in time for Employer to participate in the hearing.

On August 14, 2014, Employer filed its "Motion to Set Aside Awards and to File Answer to Claim for Compensation Out-of-Time." In that motion, Employer admitted receiving notice of the hardship hearing, which was conducted on May 21, 2013; a copy of the temporary or partial award; and notice of the June 25, 2014 hearing. Employer asserted it failed to take action because it believed the notices and temporary award related to the pending Texas claim for workers' compensation benefits, and mistakenly believed that Texas Mutual was handling such claim and defending its interest herein.[2] Attached to the motion was an affidavit of Carissa M. Huffman ("Huffman"), a workers' compensation specialist employed by Employer. The affidavit recited, among other things, that Texas Mutual handled a Texas claim for compensation for Employee, including payment of some benefits. The affidavit also recited that no action was taken on the Missouri claim because Employer made a mistake, but "did so believing that Texas Mutual was defending its interests in the pending workers [sic] compensation claim of Mr. Harrington."

---

[2] No issues are presented in this appeal as to whether Texas Mutual has workers' compensation coverage for Employer for Employee's injuries. This opinion does not address any issues involving insurance coverage for Employer.

On, August 15, 2014, the ALJ, who had entered the temporary and final awards, heard oral argument and considered Employer's motion. The ALJ concluded there was "no good cause to set aside either award" and denied the motion. Employer then filed an application for review with the Commission. The Commission heard from all parties through briefing and oral argument and unanimously entered an Award on June 18, 2015, allowing compensation, which modified the final award and decision of the ALJ. The ALJ's final award was modified to give Employer credit for benefits paid in Texas for temporary total disability, and reduced the amount of the penalty for non-compliance with the temporary award because some payments had been made under Texas law.

The Commission's Award included the following findings:

In its brief, employer admits that it timely received each of the notices from the Division referenced above, but alleges that it failed to defend this claim because it mistakenly believed that employee's Missouri claim for compensation was part of a Texas claim for compensation and that its Texas workers' compensation insurer was defending this action on its behalf. Employer requests the Commission to direct the administrative law judge to set aside the temporary and final awards, to permit employer to file an answer to employee's claim for compensation, and to remand this matter to the Division to permit employer a chance to defend the claim and present evidence as to its defenses.

Obviously, to grant the relief employer requests at this stage of the proceedings would constitute a significant imposition upon employee, as well as upon the Division. The appropriate question, then, is whether employer's alleged good faith belief that its Texas insurer was defending this Missouri claim for compensation is sufficient to excuse employer's failure to take any action in connection with the Division's notices, and justify our requiring employee and the Division to start from scratch in terms of adjudicating this matter. We are not persuaded.

It is well-settled in the context of our administrative proceedings that "[f]ailure to properly read [a] notice of hearing is not reasonable." *Guyton v. Div. of Empl. Sec.*, 375 S.W.3d 254, 256 (Mo. App. 2012). It appears to us that even the most cursory review of the Division's notices would make clear to any reader that proceedings were taking place in Missouri, and any lingering confusion as to the meaning of the notices could easily have been remedied by a phone call to the Division or to employee's counsel. Even if there were initially some reasonable

4

and good faith misunderstanding as to whether someone would appear to defend employer at the hardship hearing of May 21, 2013, we are of the opinion that there cannot have been any such mistake thereafter, when employer received a temporary award wherein the administrative law judge made clear there was no appearance by anyone (including any insurance carrier) at the hearing to defend the claim, and also made clear employer was liable to pay workers' compensation benefits in Missouri. Yet, employer continued to take no action until after another hearing and a final award. We conclude that it was unreasonable for employer to fail to defend this claim on the basis of its alleged mistaken belief that these Missouri proceedings were a part of a workers' compensation proceeding in Texas. For this reason, we deny employer's request to remand this matter for any additional proceedings.

Employer appeals from the Award entered by the Commission raising one point.

Employer asserts:

> The Labor and Industrial Relations Commission erred in denying Employer relief from compensation awards that had been entered on a default basis because Employer in its motion to set aside awards and to file answer to claim for compensation out-of-time had demonstrated that as a matter of law it had good cause for its defaults and had acted reasonably but inadvertently in believing that its Texas workers [sic] compensation insurer was handling defense of the claims(s) filed by [Employee] relating to the same work-related accident.

## Standard of Review

Our review of a workers' compensation award is governed by section 287.495. It provides, in part:

> The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:
>
> (1) That the commission acted without or in excess of its powers;
>
> (2) That the award was procured by fraud;
>
> (3) That the facts found by the commission do not support the award;
>
> (4) That there was not sufficient competent evidence in the record to warrant the making of the award.

§ 287.495.1.

The Commission's findings of fact regarding a workers' compensation claim are conclusive and binding on appeal unless there is fraud. *Franco-Lopez v. Martinez*, 433 S.W.3d 454, 456 (Mo.App. W.D. 2014). We defer to the Commission on issues involving credibility of witnesses and weight to be given their testimony; we review questions of law *de novo*. *Sell v. Ozarks Medical Center*, 333 S.W.3d 498, 506 (Mo.App. S.D. 2011).

**Analysis**

Employer argues it demonstrated below, as a matter of law, that it had good cause for default. However, Employer's challenge is not to a question of law, but a finding of fact by the Commission.

Employer's challenge does not fall under any of the grounds authorized by section 287.495.1. Even assuming *arguendo* that this court has authority under section 287.495.1 to entertain such an argument, Employer's position is not well taken. A predicate assumption of this argument is that Employer's proffered rationale for default, that Employer honestly but incorrectly believed that another entity was defending the claim, was necessarily credible. Employer's assumption on this finding of fact is incorrect.

In the absence of fraud, the factual findings of the Commission are conclusive if supported by competent and substantial evidence, and an appellate court's authority is confined to questions of law. *Fendler v. Hudson Services*, 370 S.W.3d 585, 588 (Mo. banc 2012) (citing section 288.210). "This Court defers to the Commission on issues involving the credibility of witnesses and the weight given to the testimony, but in so doing it does *not* view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the award." *Id.* (internal quotations and citations omitted) (emphasis in original).

6

The Eastern District of this Court discussed how we view uncontradicted or unimpeached testimony in Commission cases:

> The commission may disbelieve uncontradicted or unimpeached testimony. [*Copeland v. Thurman Stout, Inc.*, 204 S.W.3d 737, 743 (Mo.App.2006) (citing *Alexander v. D.L. Sitton Motor Lines*, 851 S.W.2d 525, 527 (Mo. banc. 1993))]. However, in *Corp v. Joplin Cement Co.*, 337 S.W.2d 252, 258 (Mo. banc 1960), the Supreme Court stated that where evidence is uncontradicted or unimpeached, 'the reviewing court may find the award was not based upon disbelief of the testimony of the witnesses.' The *Copeland* court found these two standards to be compatible. 204 S.W.3d at 743. If the commission expressly declares it disbelieved uncontradicted or unimpeached testimony, the *Alexander* rule applies. *Highley [v. Von Weise Gear]*, 247 S.W.3d [52,] 57 [(Mo.App.2008)] (citing *Copeland*, 204 S.W.3d at 743). However, if the record is silent regarding credibility, the *Corp* rule applies. *Id.*

*Richardson v. Missouri State Treasurer*, 254 S.W.3d 242, 244 (Mo.App. E.D. 2008). The Commission's ability to disbelieve uncontradicted or unimpeached testimony is confirmed by *White v. Dir. of Revenue*, 321 S.W.3d 298, 305 (Mo. banc 2010), wherein our supreme court held that:

> When the burden of proof is placed on a party for a claim that is denied, the trier of fact has the right to believe or disbelieve that party's uncontradicted or uncontroverted evidence. . . . Generally, the party not having the burden of proof on an issue need not offer any evidence concerning it.

*Id.*

The Commission made *express* findings rejecting the allegations in Employer's sworn affidavit that it mistakenly failed to defend this claim because it believed its Texas insurer was defending it:

> It appears to us that even the most cursory review of the Division's notices would make clear to any reader that proceedings were taking place in Missouri, and any lingering confusion as to the meaning of the notices could easily have been remedied by a phone call to the Division or to employee's counsel. Even if there were initially some reasonable and good faith misunderstanding as to whether someone would appear to defend employer at the hardship hearing of May 21, 2013, we are of the opinion that *there cannot have been any such mistake thereafter*, when employer received a temporary award wherein the administrative

7

law judge made clear there was no appearance by anyone (including any insurance carrier) at the hearing to defend the claim, and also made clear employer was liable to pay workers' compensation benefits in Missouri. Yet, employer continued to take no action until after another hearing and a final award. We conclude that it was unreasonable for employer to fail to defend this claim on the basis of its alleged mistaken belief that these Missouri proceedings were a part of a workers' compensation proceeding in Texas.

(Emphasis added). The Commission (and the ALJ) had the authority to disbelieve Employer's allegations, which it expressly did.

It was Employer's burden to persuade the trier of fact of its proof for its Motion to Set Aside Awards and to File Answer to Claim for Compensation Out-of-Time. The record is clear that Employer had notice of all the proceedings, by its own admissions, and that neither the ALJ nor Commission were persuaded by the affidavit Employer submitted. Point denied. The Award of the Commission is affirmed.

WILLIAM W. FRANCIS, JR., J. – AUTHOR

DON E. BURRELL, P.J., - Concur

NANCY STEFFEN RAHMEYER, J. – Concur

8