**Christopher MIRTH and Crystal Mirth, Appellants,**

v.

**REGIONAL BUILDING INSPECTION COMPANY and Jon Simcoke, Respondents.**

**No. ED 80598.**

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 3, 2002.

William J. O'Herin, Florissant, MO, for appellant.

Joseph L. Green, St. Charles, MO, for respondent.

GLENN A. NORTON, Judge.

Christopher and Crystal Mirth appeal the judgments in favor of Regional Building Inspection Company and Jon Simcoke on the Mirths' professional negligence claims. We affirm.

## I. BACKGROUND

The Mirths hired Regional to perform an inspection of a home they had contracted to buy. Simcoke, an employee of Regional, conducted the inspection and prepared a written report. The report indicated some problems that would need to be repaired, but did not recommend that the Mirths contact an expert for further advice about the problems. The Mirths closed on the home and about ten months

later began the process of making some of those repairs.

During that process, the Mirths hired Joe Strain to conduct a structural inspection of the house. Strain concluded that the house was not structurally sound and was not safe to occupy. Strain opined that because it was not feasible to repair the house, it had no intrinsic monetary value. He testified about the standards and customary practice and procedure for home inspections. Although Strain was not familiar with the condition of the Mirths' house at the time of Simcoke's inspection, he testified that if the same problems he saw were visible to Simcoke, then Simcoke should have "flagged" them, brought them to the Mirths' attention and recommended an expert opinion.

The Mirths sought to hold Simcoke personally liable for negligently conducting the inspection and preparing the report and to hold Regional vicariously liable for Simcoke's conduct. There was no dispute that Simcoke was acting within the scope and course of his employment. At the close of the Mirths' evidence, Regional and Simcoke jointly filed a motion for directed verdict based on the Mirths' failure to establish the applicable standard of care, any breach thereof, or damages. This motion was denied. Simcoke also filed a separate motion for directed verdict, alleging that the Mirths failed to establish that Simcoke owed a duty to the Mirths or that it was breached. This motion was granted.

After ruling on these motions, Regional declined to put on any evidence. At the Mirths' request, the jury was instructed to enter a verdict for the Mirths if "defendants" failed to discover and advise the Mirths of the building defects and thereby were negligent. Negligence was defined as the "failure to use that degree of skill and learning ordinarily used under the same or similar circumstances by the members of defendants home inspection profession." Although the jury was never advised that Simcoke had been directed out of the case, only one verdict form was submitted to the jury and it identified Regional as the only defendant. The jury returned a verdict in favor of Regional.

## II. DISCUSSION

### A. Directed Verdict for Simcoke

In Point I, the Mirths argue that the trial court erred by sustaining Simcoke's individual motion for directed verdict. On review of a directed verdict in favor of a defendant, this Court ordinarily must determine whether the plaintiff made a submissible case. *See Morehouse v. Behlmann Pontiac–GMC Truck Service, Inc.*, 31 S.W.3d 55, 57 (Mo.App. E.D.2000). The Mirths contend that the evidence showed that Simcoke was personally responsible to inspect their home using the degree of care exercised by other home inspectors, that he did not, and that this negligence caused them to buy a worthless home. Simcoke argues that he owed no duty to the Mirths and therefore cannot be held personally liable.

We need not make a determination as to whether the Mirths made a submissible case against Simcoke in his personal capacity because, even if they had, the error in not submitting the case to the jury was harmless. "Harmless error is not ground for reversal." *Fowler v. S–H–S Motor Sales Corp.*, 560 S.W.2d 350, 358 (Mo.App.1977); *see also* Rule 84.13(b). We will only reverse an erroneously granted directed verdict and remand for a new trial if the error is prejudicial. *Johnston v. Allis–Chalmers Corp.*, 736 S.W.2d 544, 548 (Mo.App. E.D.1987). Here, the jury's verdict in favor of Regional shows that the Mirths would not have recovered against

Simcoke even if the claim against him had been submitted to the jury. In these situations, there is no prejudice. *See, e.g., Fowler,* 560 S.W.2d at 358; *see also Barnett v. Equality Sav. & Loan Ass'n, Inc.,* 662 S.W.2d 924, 927 (Mo.App. E.D.1983).

■ To prove their claims of negligence against either defendant, the Mirths had to establish the existence of a duty, breach of that duty and damages proximately caused by that breach. *Parra v. Building Erection Services,* 982 S.W.2d 278, 285 (Mo. App. W.D.1998). Regional's liability was premised entirely on Simcoke's conduct, and it was not alleged that Simcoke did anything that would impute liability to him but not to Regional. As the verdict director requested by the Mirths and submitted to the jury shows, the Mirths contended that one set of facts established their case against Simcoke and against Regional.

The jury clearly found some or all of the Mirths' evidence unpersuasive. Because Regional acted only through Simcoke, by entering a verdict in favor of Regional, the jury had to have concluded one or more of the following: Simcoke did not fail to discover or report the defects; Simcoke did not fail to exercise the care ordinarily exercised by home inspectors in similar circumstances; or the Mirths did not sustain damages as a result of Simcoke's negligence. Had Simcoke been left in the case, any one of these conclusions would have also necessitated a verdict in his favor. Therefore, any error in directing a verdict for Simcoke was not prejudicial.

Point I is denied.

### B. Instructional Error

■ In Point II, the Mirths contend that the trial court erred in giving the verdict director that they had submitted because it referred to "defendants" when only one defendant remained after the directed verdict. The Mirths did not object to the instruction or ask for a correction before the jury retired. They did raise the issue in a motion for new trial, but counsel must also make a specific objection to the instruction at trial to preserve claims of instructional error. Rule 70.03; *Hatch v. V.P. Fair Foundation, Inc.,* 990 S.W.2d 126, 140 (Mo.App. E.D.1999).

■ Because this error was not preserved, the Mirths invite us to review the issue for plain error. The plain error rule is not "a refuge for the maladroit or neglectful." *Stevens v. Wetterau Foods, Inc.,* 501 S.W.2d 494, 499 (Mo.App.1973). We do not use the plain error rule "to revive issues already abandoned by selection of trial strategy or oversight." *King v. Unidynamics Corp.,* 943 S.W.2d 262, 266 (Mo. App. E.D.1997). It is reserved instead for errors that affect a party's rights so substantially that a miscarriage of justice or manifest injustice will occur if left uncorrected. *Reese v. Brooks,* 43 S.W.3d 415, 419 (Mo.App. E.D.2001); *see also* Rule 84.13.

Counsel's oversight or neglect produced this error, and we will not reverse the jury's verdict on that ground. As discussed above, no matter how many defendants the jury thought there were, the jury found the evidence unpersuasive. There has been no showing of a manifest injustice or miscarriage of justice here.

Point II is denied.

### III. CONCLUSION

The judgments are affirmed.

WILLIAM H. CRANDALL, P.J., and SHERRI B. SULLIVAN, J., concurring.