

# Missouri Court of Appeals

## Southern District

### Division Two

| | | |
|---|---|---|
| MARIAN WHEELER, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | No. SD34026 |
| vs. | ) | Filed: March 9, 2016 |
| | ) | |
| SHANE DEAN,[1] | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and BONNIE WHEELER, | ) | |
| a/k/a BONNIE DEAN, | ) | |
| a/k/a BONNIE EARP, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Michael J. Cordonnier, Circuit Judge

## APPEAL DISMISSED

This case arises out of Marian Wheeler's ("Marian")[2] claim of a misrepresentation causing her to co-sign on student loans for Shane Dean ("Shane").[3] Bonnie Wheeler ("Bonnie") appeals from the trial court's judgment, following a jury verdict of $40,067.69 in favor of

---

[1] Shane Dean is not a party to this appeal.

[2] Because a portion of the involved parties share the same surname, for ease of reference, we refer to the parties individually by their first names. We mean no familiarity or disrespect.

[3] Shane is Marian's step-grandson and Bonnie's son.

Marian, for fraud and negligent misrepresentation. Bonnie raises two points of alleged trial court error.

Marian filed a "Motion to Dismiss" Bonnie's appeal because Bonnie had not preserved her points on appeal by failing to file a motion for new trial or a motion for judgment notwithstanding the verdict ("JNOV"), or any other post-trial motions. Marian's motion to dismiss is well taken and Bonnie's appeal is dismissed.

### Factual and Procedural History

During the summer of 2003, Shane was making preparations to attend Drury University in Springfield, Missouri. Recognizing that Shane would need a student loan to pay tuition, Bonnie and Shane took Marian with them to Drury's financial aid office. Marian initially declined to co-sign any loan. Seeking to allay Marian's expressed reluctance to co-sign on Shane's student loan, Bonnie assured Marian that "if anything should happen, I will take care of it." Relying on this representation, Marian then co-signed for the student loan. Marian co-signed on a second loan in the summer of 2004, again relying on representations made by Bonnie. Thereafter, Shane defaulted on the student loans and Bonnie failed to take any material action toward relieving Marian of her co-signer obligation to pay the loans.

Marian filed a petition in Greene County Circuit Court claiming, in relevant part, that Bonnie was liable for negligent misrepresentation sounding in tort. A jury trial was held on June 15, 2015. After the close of the evidence, Bonnie filed a motion for directed verdict arguing that: (1) Marian's claim was barred by the statute of frauds, and (2) there was no substantial evidence that Marian relied on Bonnie's representation in co-signing on the loans. The trial court denied this motion. The jury found in favor of Marian, awarding her damages in the amount of $40,067.69.

Bonnie failed to file any post-trial motions, and now brings unpreserved claims of error suggesting that the trial court erred in denying her motion for directed verdict because: (1) Marian's claim was barred by the statute of frauds, and (2) there was no substantial evidence that Marian relied on Bonnie's representation in co-signing the loan.

Our Missouri Court Rules make explicit pre-conditions for appellate review: "In jury tried cases, except as otherwise provided in this Rule 78.07, allegations of error must be included in a motion for a new trial in order to be preserved for appellate review." Rule 78.07(a).[4] Rule 78.07 provides, in relevant part, an exception for motions for judgment notwithstanding the verdict under Rule 72.01. "Rule 72.01(b) permits a motion for JNOV to raise any basis for setting aside a verdict that was raised in a motion for directed verdict at trial." *Goudeaux v. Bd. Of Police Comm'rs of Kansas City*, 409 S.W.3d 508, 514 (Mo.App. W.D. 2013). As the court in *Goudeaux* summarized, "A party in a jury-tried case must include allegations of error in a motion for new trial in order to preserve them for our review, unless such allegations of error were included in a motion for judgment notwithstanding the verdict." *Id.* (internal quotations and citations omitted). Bonnie failed to file either a motion for a new trial, or a motion for judgment notwithstanding the verdict. Her claims on appeal are, therefore, unpreserved.

Attempting to excuse her failure to preserve her claims by not including them in any timely post-trial motions, Bonnie suggests she had already determined that "[f]iling a motion for a new trial would have been futile considering the same issue was extensively briefed and argued during the course of litigation at the trial court level multiple times."[5]

---

[4] All rule references are to Missouri Court Rules (2015).

[5] Bonnie was apparently unable to produce any authority in support of this proposition, and we cannot locate any. In nearly every motion for new trial, the moving party asks the court to find that it should have taken a course it already considered and rejected. *See McGinnis v. Northland Ready Mix, Inc.*, 344 S.W.3d 804, 816 (Mo.App. W.D. 2011) (an "objection cannot be raised for the first time in a motion for new trial.") (internal quotation and citation omitted).

> As an error correcting court, we may address only those alleged errors of law preserved . . . by the parties . . . . While we may, in our discretion, consider plain errors affecting substantial rights, we do so only when we find manifest injustice or a miscarriage of justice. Plain error review, however, rarely is granted in civil cases. Moreover, plain error is not a doctrine available to revive issues already abandoned by selection of trial strategy or by oversight.

*Clark v. Missouri Lottery Comm'n*, 463 S.W.3d 843, 849 n.11 (Mo.App. W.D. 2015) (internal quotations and citations omitted).

Bonnie made a one-sentence request in her brief for plain error review, but made no attempts to explain how or why it was appropriate. In her reply brief, Bonnie suggests that plain error review might be available despite her failure to file any post-trial motions based on *Citizens Bank of Dexter v. Hall Trailer Sales, Inc.*, 550 S.W.2d 233 (Mo.App. S.D. 1977). Bonnie argues:

> In said case, Appellant failed to file a timely motion for new trial under rule 78.04. Respondent filed a motion to dismiss on the same basis. This Court denied the motion to dismiss under the plain error principle set out in Rule 84.13(c). The Court stated, "We may consider, in our discretion, plain errors 'affecting substantial rights' even though not properly preserved, 'when manifest injustice or miscarriage of justice has resulted.'"

Bonnie offers no analysis why plain error review should be granted here.

Plain error review requires a showing of trial court error resulting in "manifest injustice or a miscarriage of justice," a burden more exacting than a showing of prejudicial error. *Flood ex rel. Oakley v. Holzwarth*, 182 S.W.3d 673, 676 (Mo.App. S.D. 2005) (internal quotation and citation omitted). Plain error review is discretionary, and will not be granted "if the claim is not established after an examination of the matter on its face[.]" *Woods v. Friendly Ford, Inc.*, 248 S.W.3d 699, 712 (Mo.App. S.D. 2008). Bonnie fails to satisfy this high burden, and we do not grant plain error review.

4

Marian's motion to dismiss Bonnie's appeal is granted.

WILLIAM W. FRANCIS, JR., J. – OPINION AUTHOR

DON E. BURRELL, JR., P.J. – CONCURS

GARY W. LYNCH, J. – CONCURS