

# Missouri Court of Appeals

## Southern District

### Division Two

RITA F. GRAVATT, )
               )
        Plaintiff-Appellant, )
               )
vs. )   No. SD34204
               )   Filed: September 12, 2016
DARYL L. SIMS )
               )
and )
               )
JAMES S. BARKER, )
d/b/a Barker Tree Service, )
               )
and )
               )
CYNTHIA A. BARKER, )
d/b/a Barker Tree Service, )
               )
        Defendants-Respondents. )

### APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Laura J. Johnson, Circuit Judge

**<u>AFFIRMED</u>**

Rita F. Gravatt ("Gravatt") filed suit against Daryl L. Sims ("Sims"), and James S. Barker, d/b/a Barker Tree Service and Cynthia A. Barker, d/b/a Barker Tree Service (collectively the "Barkers") following an automobile accident.[1] The jury returned a verdict in favor of Sims and

---

[1] Daryl L. Sims is also known as "Daryl Barker," and James S. Barker, is referred to in the record as Scott Barker.

the Barkers, and against Gravatt.  This appeal followed.  Gravatt raises two points of error.  Finding no merit to any of Gravatt's points, we affirm the judgment of the trial court.

## Facts and Procedural History

On July 24, 2009, Gravatt and Sims were involved in a head-on collision on East Highway 76 in Branson.  Gravatt sustained serious personal injuries in the accident.

On June 29, 2011, Gravatt filed a petition for damages in Taney County against Sims and Sims' employer, the Barkers, under whose authority Gravatt claimed Sims was acting at the time of the crash.[2]

Trial commenced on July 20, 2015, and the central contested issue was whether it was Gravatt or Sims that crossed the centerline, thereby causing the head-on collision.

After the close of the evidence, a jury instructions conference was held.  The instructions conference proceeded with most of the discussion being between the trial court and Sims' attorney.  The instructions conference, comprising nine pages of transcript, indicates that Gravatt's attorney spoke four times:  twice in non-substantive contributions, once to consent to an instruction, and once to indicate that he had no other objections or additions to the instructions at the close of the conference.  Gravatt's attorney made no objection on the record to any of the jury instructions, either during the jury instructions conference or at any other time during proceedings.

On July 24, 2015, the trial court entered its judgment consistent with the jury's verdict.  On August 10, 2015, Gravatt filed her "Amended Motion for New Trial" asserting, in relevant part, that the trial court gave "erroneous or incomplete jury instructions" to the jury.  The trial court denied the motion.  This appeal followed.

---

[2] At the time of the accident, Sims was following his father, Scott Barker, in a pickup truck which displayed "Barker Tree Service" on the side.  Scott Barker was driving the company's bucket truck.

2

In two points on appeal, Gravatt asserts the trial court erred in failing to include a verdict director from MAI 17.04, and in failing to hold a proper instructions conference pursuant to Rule 70.02(e).[3]

The issues for our determination are whether the trial court erred in failing to: (1) *sua sponte* include verdict director MAI 17.04 in the jury instructions, or (2) hold a proper instruction conference pursuant to Rule 70.02(e).

## Standard of Review

"Whether a jury was instructed properly is a question of law this Court reviews *de novo*." ***Hervey v. Mo. Dept. of Corr.***, 379 S.W.3d 156, 159 (Mo. banc 2012). "Instructional errors are reversed only if the error resulted in prejudice that materially affects the merits of the action." ***Id.*** (internal quotation and citation omitted).

## Analysis

### *Point I: MAI 17.04*

In her first point, Gravatt argues that the trial court erred in failing to instruct the jury pursuant to MAI 17.04, the appropriate verdict director for Sims' failure to act after the danger of collision was apparent.

Rule 70.03 addresses the requirements for counsel to preserve claims of jury instructional error for appellate review:

> Counsel shall make specific objections to instructions considered erroneous. No party may assign as error the giving or failure to give instructions unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection. Counsel need not repeat objections already made on the record prior to delivery of the instructions. The objections must also be raised in the motion for new trial in accordance with Rule 78.07.

---

[3] All rule references are to Missouri Court Rules (2016).

There is no indication in the record that Gravatt, during the instructions conference or at any other time during the trial, objected to proffered jury instructions on the basis now asserted, or tendered alternative instructions. Furthermore, Gravatt failed to raise this claim in her amended motion for new trial. As a result, Gravatt's current claim on appeal is not preserved. *See Mackey v. Smith*, 438 S.W.3d 465, 479 (Mo.App. W.D. 2014).

Gravatt apparently seeks plain error review. However, as

> an error correcting court, we may address only those alleged errors of law preserved by the parties. While we may, in our discretion, consider plain errors affecting substantial rights, we do so only when we find manifest injustice or a miscarriage of justice. Plain error review, however, rarely is granted in civil cases. Moreover, plain error is not a doctrine available to revive issues already abandoned by selection of trial strategy or by oversight.

*Wheeler v. Dean*, 482 S.W.3d 877, 879 (Mo.App. S.D. 2016) (internal quotation and citation omitted). Here, it is apparent that Gravatt had ample opportunity during the jury instructions conference to object or tender alternate instructions. Gravatt chose not to do so. We may classify this as either trial strategy or oversight, and Gravatt's opportunity to challenge the jury instructions was at trial, not for the first time on appeal. We decline to engage in plain error review. *See id.* Point I is denied.

### Point II: Rule 70.02(e)

In her second point, Gravatt claims that the trial court erred in failing to conduct a proper jury instruction conference on the record pursuant to Rule 70.02(e). Specifically, Gravatt claims that the record does not reflect which party tendered which instructions.

This argument was not included in Gravatt's amended post-trial motion. As a result, the claim is waived on appeal. *Mackey*, 438 S.W.3d at 479. Point II is denied.

4

The judgment of the trial court is affirmed.

WILLIAM W. FRANCIS, JR., J. – OPINION AUTHOR

GARY W. LYNCH, P.J. - CONCURS

DANIEL E. SCOTT, J. - CONCURS