

# In the Missouri Court of Appeals
## Eastern District

<u>**DIVISION TWO**</u>

| | | |
|---|---|---|
| DAVID L. WILLIAMS, | ) | No. ED111625 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Charles County |
| vs. | ) | |
| | ) | Honorable Michael J. Fagras |
| ST. CHARLES AUTO MART, INC. D/B/A | ) | |
| AUTO SOLUTIONS, | ) | |
| | ) | |
| Appellant. | ) | FILED: March 12, 2024 |

<u>Introduction</u>

St. Charles Auto Mart, Inc. ("Auto Mart") appeals from the trial court's order granting judgment notwithstanding the verdict ("JNOV") in favor of David L. Williams ("Williams"), after a jury returned a verdict in Auto Mart's favor on Williams's Missouri Merchandising Practices Act ("MMPA")[1] claim. In three points on appeal, Auto Mart alleges the trial court erred in granting JNOV because Auto Mart did not judicially admit elements of the MMPA claim, specifically: that the vehicle was modified from its original condition (Point One), that Williams incurred damages (Point Two), or that Auto Mart's conduct caused any damages (Point Three). Because Auto Mart failed to preserve for appeal any claim concerning judicial

---

[1] See Sections 407.010–.025. All Section references are to RSMo (2016).

admissions pursuant to Rule 84.13,[2] we deny Points One, Two, and Three.  The trial court's judgment is affirmed.

Factual and Procedural History

In August 2013, Williams purchased a Ford truck (the "Vehicle")[3] and an extended warranty from Auto Mart.  Four months later, the Vehicle broke down and was towed to an auto repair shop, where Williams claims the mechanics informed him that the Vehicle's catalytic converter had been removed and an "after-market exhaust program" had been installed (collectively, the "modifications"), indicating the Vehicle had been modified from its original condition.  Mechanics also informed Williams that, due to the modifications, the extended warranty would not cover repairs.  After the Vehicle was returned to Williams, it continued to experience mechanical issues, and, over the following six months, the Vehicle broke down on at least three occasions and was in the auto repair shop for approximately three months.

In 2014, Williams filed an action against Auto Mart, alleging the Vehicle sale violated several provisions of the MMPA.[4]  The case proceeded to jury trial, where the sole issue before the jury was whether Auto Mart violated the MMPA by omitting material facts concerning the Vehicle's modifications and the extended warranty's validity, thereby causing Williams to sustain damages.  Williams presented evidence in his case-in-chief of the Vehicle's modifications as well as the mechanical issues requiring repair.  In Auto Mart's case-in-chief, its owner testified about inspecting the Vehicle before selling it to Williams.

The trial court conducted a jury instruction conference where Auto Mart requested, and the trial court granted, a converse instruction ("Instruction No. 9"), which read:

---

[2] All Rule references are to Mo. R. Civ. P. (2023).
[3] Auto Mart's brief describes the Vehicle as both a Ford F-150 and Ford F-350 truck.
[4] The Petition also alleged violations of breach of contract, breach of warranty of fitness, and fraud.  These issues were not presented to the jury and are not before this Court.

2

Your verdict must be for [Auto Mart] if you believe:

First, in connection with the sale of the [Vehicle], [Auto Mart] did not commit any of the following practices declared unlawful under the [MMPA]:

[a.] [Auto Mart] sold Williams a [Vehicle] and omitted to tell him that the [Vehicle] no longer contained the catalytic converter installed by the manufacturer (or an equivalent replacement); or

[b.] [Auto Mart] sold Williams an extended warranty with the [Vehicle] but omitted to tell him that the extended warranty was not valid when sold, because the engine of the [Vehicle] had been modified from its original condition after leaving the manufacturer's facility; or

Second, as a direct result of such conduct, [Williams] did not sustain damage.

At the close of evidence, both parties moved for a directed verdict, which the trial court denied. The jury deliberated, then returned a verdict in favor of Auto Mart.

Williams moved for JNOV. Auto Mart opposed Williams's motion, alleging "the actual and substantial evidence at trial was sufficient for the jury to render its verdict in favor of [Auto Mart] based upon [Auto Mart's Instruction No. 9.]" Auto Mart further contended that granting JNOV would be improper because the "jury was free to disbelieve any or all of [Williams's] testimony that he presented" and, "[e]ven assuming that [Williams] had presented evidence that was uncontradicted and unimpeached, which [Auto Mart] disputes entirely, it was within the jury's prerogative to find against [Williams] and in favor of [Auto Mart]."[5] The trial court held a hearing on the issue, at which both parties appeared and argued their motions.

Subsequently, the trial court granted Williams's motion for JNOV on the matter of liability and ordered a new trial on the issues of damages and attorneys' fees. Auto Mart moved for the trial court to reconsider, maintaining that the trial court erred in granting JNOV because a jury may believe or disbelieve any testimony it hears. The trial court denied the motion.

---

[5] For the sake of clarity, we omit allegations of error raised in Auto Mart's JNOV filings that are not raised on appeal, several of which concern the issue of mitigation-of-damages.

3

The parties appeared for a damages hearing. At the close of evidence, Auto Mart moved for a directed verdict, which the trial court denied. The trial court then issued a judgment granting Williams damages and attorneys' fees. Auto Mart subsequently moved to amend the judgment or in the alternative for a new trial, alleging the trial court erred in granting Williams's motion for JNOV because it was "contrary to the actual evidence at trial[.]"[6] The trial court did not rule on Auto Mart's motion, and the judgment became final on April 4, 2023.

This appeal follows.

Points on Appeal

Auto Mart contends the trial court erred in granting Williams's motion for JNOV because Auto Mart never made judicial admissions that the Vehicle was modified at the time of sale (Point One), that Williams suffered damages (Point Two), or that Auto Mart's conduct caused Williams to suffer damages (Point Three).

Discussion

**I.      Points One, Two, and Three—Judicial Admissions**

For Williams to succeed on his MMPA claim, he had the burden of establishing that he (1) made a purchase, (2) for personal, family, or household purposes, and (3) suffered an ascertainable loss of money or property (4) as a result of (5) an act declared unlawful under the MMPA. See Conway v. CitiMorgage, Inc., 438 S.W.3d 410, 415 n.3 (Mo. banc 2014); Sections 407.020–.025. The only issues contested at trial concerned damages, causation, and whether Auto Mart committed an unlawful act by omitting material facts concerning the Vehicle's modifications and the extended warranty's validity. See Sections 407.020–.025.

---

[6] Again, we omit several allegations of trial court error raised in Auto Mart's motion for new trial that are not relevant to this appeal, such as those challenging the trial court's method for determining damages and attorneys' fees, as well as issues related to a mitigation-of-damages affirmative defense.

4

Because all points on appeal allege JNOV was improper on the basis of judicial admissions, we address them together.[7] "A judicial admission is an act done in the course of judicial proceedings that concedes for the purpose of litigation that a certain proposition is true." Moore Auto. Grp., Inc. v. Goffstein, 301 S.W.3d 49, 54 (Mo. banc 2009); Peace v. Peace, 31 S.W.3d 467, 471 (Mo. App. W.D. 2000). Williams contends Auto Mart failed to preserve this issue for appeal, and thus all three points are subject to dismissal.

Missouri Supreme Court Rules establish the conditions to preserve an issue for appellate review. Wheeler v. Dean, 482 S.W.3d 877, 879 (Mo. App. S.D. 2016). Under Rule 84.13(a), apart from questions concerning subject matter jurisdiction, appellate courts may not review allegations that were neither presented to nor expressly decided by the trial court. Barkley v. McKeever Enters., Inc., 456 S.W.3d 829, 839–40 (Mo. banc 2015); Rule 84.13. "Our rules for preservation of error for review are applied, not to enable the court to avoid the task of review, nor to make preservation of error difficult for the appellant, but, to enable the court—the ***trial court first***, then the appellate court—to define the ***precise claim made by the defendant.***" State v. Amick, 462 S.W.3d 413, 415 (Mo. banc 2015) (emphasis added) (internal citation omitted). "Appellate courts are merely courts of review for trial errors, and there can be no review of a matter which has not been presented to or expressly decided by the trial court." Barkley, 456 S.W.3d at 839 (internal citation omitted). As such, a party is not entitled on appeal to raise a claim of trial court error when the party did not alert the trial court to the error and give it the opportunity to rule on the question. Brown v. Brown, 423 S.W.3d 784, 787–88 (Mo. banc 2014); Smith v. Brown & Williamson Tobacco Corp., 410 S.W.3d 623, 640 (Mo. banc 2013)

---

[7] Although we do not reach the merits of Point One, we note Auto Mart's point relied on appears to rest on a misstatement of law, as it fails to engage with the scienter element of MMPA claims challenging the omission of a material fact. Duncan v. Savannah, LLC, 637 S.W.3d 633, 643 (Mo. App. E.D. 2021); Plubell v. Merck & Co., Inc., 289 S.W.3d 707, 713 n.4 (Mo. App. W.D. 2009).

(explaining that our preservation rules grant the trial court opportunity to correct errors without appellate intervention). Claims of error that are not preserved are subject to dismissal. Meadowfresh Sols. USA, LLC v. Maple Grove Farms, LLC, 586 S.W.3d 329, 343–44 (Mo. App. S.D. 2019).

Rule 78.07 provides that allegations of error in jury-tried cases generally must be preserved by presenting the allegation to the trial court in a motion for new trial. Smith, 410 S.W.3d at 640; Rule 78.07(a). To this general rule, Rule 78.07 enumerates several exceptions including, in relevant part, that "[q]uestions presented in motions for judgment under Rule 72.01(b)," the rule governing motions for JNOV, need not be raised in a motion for new trial to be preserved. Wheeler, 482 S.W.3d at 879; Rules 72.01(b), 78.07(a)(2). Thus, a "party in a jury-tried case must include allegations of error in a motion for new trial in order to preserve them for our review, unless such allegations of error were included in a motion for [JNOV]." DeWalt v. Davidson Serv./Air, Inc., 398 S.W.3d 491, 502 (Mo. App. E.D. 2013). We therefore consider whether Auto Mart preserved its points for appeal by presenting to the trial court the issue of judicial admissions in either a Rule 72.01(b) filing or a motion for new trial. See id.

Thorough review of Auto Mart's Rule 72.01(b) filings reveals that Auto Mart failed to raise before the trial court any allegation that JNOV was improper on the basis of judicial admissions. Nor did Auto Mart raise a claim of error concerning judicial admissions in a different context. Plainly, Auto Mart's Rule 72.01(b) filings make no mention whatsoever of judicial admissions. Accordingly, the trial court did not have an opportunity to expressly decide the issue. See Barkley, 456 S.W.3d at 839.

Auto Mart nevertheless argues that other allegations of error presented in its Rule 72.01(b) filings sufficiently alerted the trial court to, and thus preserved for appeal, the issue of

6

judicial admissions. Particularly, Auto Mart contends that it preserved the issue by alleging JNOV was improperly granted in light of the jury's right to believe or disbelieve Williams's evidence and Instruction No. 9. We disagree.

Auto Mart's resuscitation of the jury's factfinding role in its Rule 72.01(b) filings did not alert the trial court of any issues or concerns relating to judicial admissions. See Brown, 423 S.W.3d at 787–88; Smith, 410 S.W.3d at 640. Although Auto Mart does not expound on this proposition in its brief, it appears to argue that, by generally raising the issue of the jury's right to disbelieve evidence, the trial court necessarily was alerted to and decided a host of other evidentiary issues, including judicial admissions. Even the most generous reading of Auto Mart's argument cannot support this conclusion. Our caselaw is clear that, on appeal, a party is bound by the theory it took before the trial court in alleging error. See Delacroix v. Doncasters, Inc., 407 S.W.3d 13, 32 (Mo. banc 2013); Woodglen Ests. Ass'n v. Dulaney, 359 S.W.3d 508, 518 (Mo. App. W.D. 2012). Assuming Auto Mart lodged a general evidentiary challenge before the trial court, it may not now re-frame the issue under the new banner of judicial admissions. See Delacroix, 407 S.W.3d at 32; Dulaney, 359 S.W.3d at 518. Moreover, Missouri courts have long rejected the idea that parties may "automatically preserve[] everything for appeal" through the use of "standard boilerplate language." Lohmann By and Through Lohmann v. Norfolk & W. Ry. Co., 948 S.W.2d 659, 666–67 (Mo. App. W.D. 1997) (admonishing against sweeping claims of error that place trial court in the impossible position of having to recall a case's entire evidentiary record).

We also decline to hold that Auto Mart preserved the issue of judicial admissions by virtue of requesting Instruction No. 9.[8] Although presented in a conclusory matter in its brief,

---

[8] Although not necessary for our resolution of this appeal, we note the questionable language used in Instruction No. 9. Auto Mart describes it as an "affirmative converse," and, indeed, the instruction does begin with the standard

Auto Mart appears to aver that when a defendant requests a converse instruction, it is subsequently unable to make judicial admissions. Auto Mart offers no judicial authority in support of this proposition, and we find none. Nor do we find support in the record suggesting the trial court considered, let alone expressly decided, the issue of judicial admissions when granting Auto Mart its converse instruction. See Barkley, 456 S.W.3d at 839. We decline to hold that Instruction No. 9 preserved the points now raised on appeal. See id.

Having determined that Auto Mart's Rule 72.01(b) filings fail to preserve the issue of judicial admissions, we turn to its motion for new trial. See DeWalt, 398 S.W.3d at 502. The motion for new trial similarly fails to raise the express issue of judicial admissions. See Barkley, 456 S.W.3d at 839. In addition to many allegations of error wholly unrelated to this appeal, Auto Mart's motion contends that granting JNOV was in error because it was "contrary to the actual evidence at trial." As we have already stated, such sweeping propositions fail to meaningfully notify the trial court of the particular issue now raised on appeal. See Lohman, 948 S.W.2d at 666–67. To the extent that this statement broadly challenges Williams's evidentiary burden, Auto Mart may not now challenge the burden on appeal under the alternative theory of judicial admissions. See Delacroix, 407 S.W.3d at 32; Dulaney, 359 S.W.3d at 518.

Auto Mart has failed to preserve Points One, Two, and Three for appeal. We may, in our discretion, review unpreserved claims for plain error under Rule 84.13(c). Delacroix, 407 S.W.3d at 32; Rule 84.13(c). Plain error review is rarely invoked in civil cases and is only available "where the error is so egregious as to weaken the very foundation of the process and

---

affirmative converse language, "Your verdict must be for the defendant if you believe . . . [.]" See Hiers v. Lemley, 834 S.W.2d 729, 734 (Mo. banc 1992). However, the substance of the instruction appears to function as a *true* converse in that it merely repeats, in converse, the language of the verdict director. See id. "The affirmative converse instruction is not to be used merely as a means of conversing, in different language, the very same issue submitted in the verdict director instruction." Id. at 735. "The approved method of conversing an issue in the verdict director is to use a true converse." Id. Additionally, there are other requirements regarding affirmative converse instructions that were clearly not met in this case. See id. at 735–36.

8

seriously undermine confidence in the outcome of the case." McCrainey v. Kansas City Mo. Sch. Dist., 337 S.W.3d 746, 755 (Mo. App. W.D. 2011) (internal quotation omitted). "The plain error rule is not a refuge for the maladroit or neglectful." Mirth v. Reg'l Bldg. Inspection Co., 93 S.W.3d 787, 790 (Mo. App. E.D. 2002) (internal citation omitted). Nor is the doctrine available to "revive issues already abandoned by selection of trial strategy or oversight." Pope v. Pope, 179 S.W.3d 442, 459 (Mo. App. W.D. 2005) (en banc) (internal citation omitted).

Here, Auto Mart requests plain error review in the event that we find its points unpreserved. The record is clear that Auto Mart had many chances to present the issue it now raises on appeal before the trial court. Auto Mart simply failed to do so. See Gravatt v. Simms, 505 S.W.3d 322, 325 (Mo. App. S.D. 2016) (declining to exercise plain error review in light of the ample opportunities a party had to raise a claim of error). Whether the failure to preserve the claim arose from neglect or oversight, we decline to take the exceptional act of conducting plain error review in this case. See Delacroix, 407 S.W.3d at 32; Pope, 179 S.W.3d at 459; Mirth, 93 S.W.3d at 790.

Points One, Two, and Three are denied. See Meadowfresh Sols., 586 S.W.3d at 343–44.

## II. Points Two and Three—Rule 84.04 Violations

Although not necessary for resolution of the appeal, we feel obligated to point out briefing deficiencies in Points Two and Three of Auto Mart's brief. "Rule 84.04 plainly sets forth the required contents of briefs filed in all appellate courts." Lexow v. Boeing Co., 643 S.W.3d 501, 505 (Mo. banc 2022). Rule 84.04's requirements are mandatory. Id. Strict adherence to Rule 84.04 "ensure[s] that appellate courts do not become advocates by speculating on facts and on arguments that have not been made." Wright-Jones v. Mo. Ethics Comm'n, 544 S.W.3d 177, 178 n.2 (Mo. banc 2018) (internal citation omitted).

Rule 84.04(e) provides the requirements for a brief's argument section. "The purpose of the argument section is to demonstrate how the principles of law and the facts of this case interact to support a claim for reversible error." Young v. Mo. Dep't of Soc. Servs., 647 S.W.3d 73, 78 (Mo. App. E.D. 2022); Auman v. Richard, 672 S.W.3d 277, 283 (Mo. App. W.D. 2023). An appellant must develop an argument by citing legal authority or explaining the failure to cite such authority. Murphy v. Steiner, 658 S.W.3d 588, 593 (Mo. App. W.D. 2022) (internal citation omitted) ("When an appellant fails to cite relevant law and explain how it applies to the applicable facts, we deem the point abandoned."); Washington v. Blackburn, 286 S.W.3d 818, 821 (Mo. App. E.D. 2009). Rule 84.04(e) further provides that an argument section must support all factual assertions by providing specific page references to the relevant portion of the record on appeal. Rule 84.04(e); Burgan v. Newman, 618 S.W.3d 712, 715–16 (Mo. App. E.D. 2021). Failure to comply with Rule 84.04(e) justifies dismissal. Burgan, 618 S.W.3d at 716.

The argument sections of Points Two and Three are each five sentences, or about one half-page long. Neither argument contains a single citation to legal authority nor explains the absence of available authority. See Washington, 286 S.W.3d at 821. Neither argument includes a citation to the legal record. See Burgan, 618 S.W.3d at 715–16; Rule 84.04(e).[9] These omissions are fatal. Without legal authority and citation to the record, Points Two and Three offer no meaningful explanation of how the principles of law interact with the facts in this case to support reversible error, and therefore the arguments fail to uphold their fundamental purpose. See Young, 647 S.W.3d at 78. As this Court has repeatedly recognized, "[i]t is not our duty to

---

[9] Auto Mart attempts to course-correct in its reply brief by adding citations to legal authority and the legal record. However, our caselaw is clear that "points and arguments omitted from an appellant's initial brief may not be supplied by a reply brief." Coyne v. Coyne, 17 S.W.3d 904, 906 (Mo. App. E.D. 2000). As such, an initial brief's Rule 84.04 violations cannot be cured by a reply brief. Id.

supplement the deficient brief with our own research." Burgan, 618 S.W.3d at 716 (internal citation omitted).

Perhaps in an effort to address the deficiency, Auto Mart asks to "incorporate[] by reference" the argument raised in Point One. This request does not resolve the failure to submit legal authority or citation to the record. Moreover, Missouri courts have repeatedly admonished appellants for exclusively relying on "incorporation by reference" to develop an argument. See Auman, 672 S.W.3d at 283 (finding an argument consisting of a single sentence "incorporat[ing] by reference all 'points' above and all paragraphs above as if fully entered here-in" was "wholly deficient under an even most forgiving reading of the requirements of Rule 84.04(e)"); Von Ruecker v. Holiday Inns, Inc., 775 S.W.2d 295, 299 (Mo. App. E.D. 1989) (finding an argument that is "a half page in length and cites no authority" but "merely incorporates by reference a motion that was before the trial court" is not sufficient and deemed abandoned). Here, we find Appellant's attempt to construct an argument though incorporation by reference presents no method for understanding the argument and substantially impairs meaningful review. See Young, 647 S.W.3d at 78.

Conclusion

The trial court's judgment is affirmed.

_Kurt S. Odenwald_
KURT S. ODENWALD, Presiding Judge

Michael E. Gardner, J., concurs.
Renée D. Hardin-Tammons, J., concurs.